## 44209. WELCH v. THE STATE.
(357 SE2d 70)

CLARKE, Presiding Justice.

Appellant was tried for the murders of Jane Snyder and Jay Fisher in the Superior Court of Rabun County in 1984. He was convicted and sentenced to death on one count and to life on one count of murder. This court reversed the convictions and sentences in *Welch v. State,* 254 Ga. 603 (331 SE2d 573) (1985) because of the form of the verdict. The court found that while the evidence would not justify a conviction for felony murder, the state could retry the appellant for malice murder.[1]

The evidence at the second trial showed that on July 19, 1983, shots and screaming were heard from the house shared by the elderly victims. Shortly after the shots were heard, appellant entered Dee's Tavern. Two bartenders noticed that he had blood on him. Appellant had an injury on his head and on his hand. After an initial explanation that he had caught his hand in a garden tiller, appellant told one of the bartenders, David Watts, that "I shot both them son-of-a-bitches." This witness, who was also the great nephew of the appellant, testified that the appellant told him that he had shot Jay Fisher five times and Jane Snyder once or twice in the face. The other bartender overheard appellant tell Watts that he had "shot them son-of-a-bitches." The state presented forensic evidence that the appellant and the two victims all had distinguishable blood types. Blood found at the scene and on the body of one of the victims was consistent with

---

[1] The crime occurred July 19, 1983. Appellant was initially tried for two counts of murder and convicted and sentenced to death for one count and to life imprisonment for the other in 1984. The convictions and sentences were reversed by this court in 1985. The retrial of appellant began January 29, 1986, and he was convicted of two counts of murder on February 2, 1986. Although the jury found the presence of an aggravating circumstance in regard to the murder of Jane Snyder, the jury recommended life imprisonment, and the court sentenced appellant to two consecutive life sentences on February 3, 1986. A motion for new trial was filed February 25, 1986, and amended August 20, 1986. The motion was denied August 20, 1986. The notice of appeal was filed November 17, 1986 and the case docketed in this court December 29, 1986. The transcript was certified December 17, 1986. The case was submitted for opinion February 13, 1987.

appellant's blood type. At trial appellant testified that he had gone to the victims' house to ask about some equipment which he had left there. He said Jay Fisher stated that "all you can get is the top of your goddamn head blowed off you son-of-a-bitch" when he inquired about his equipment. He alleged that Fisher shot at him with a .38 caliber pistol found at the scene with blood on it consistent with both appellant's and Jay's blood.

Appellant was retried in January and February 1986, and again found guilty of the murders of the two victims. The jury recommended that appellant be sentenced to life imprisonment, and he was sentenced to life imprisonment for each murder.

1. In his first enumeration of error appellant argues that the trial court erred in failing to recharge the jury as to mutual combat when the jury requested a recharge on murder and voluntary manslaughter. The court had originally given a charge on mutual combat in connection with the manslaughter charge. When the jury requested the recharge, the request was only as to murder and manslaughter; there was no request as to a recharge on mutual combat. While the court has a duty to recharge any part of the charge at the request of the jury, *Welch v. State*, 251 Ga. 197 (304 SE2d 391) (1983), the extent and character of any supplementary instructions are within the discretion of the court. *Taylor v. State*, 169 Ga. App. 842 (315 SE2d 661) (1984). In this case, where the jury did not request a recharge on mutual combat, there was no error in the court's failure to give the recharge.

2. Appellant's second enumeration of error concerns appellant's requested charge as to intent. Appellant requested a charge containing language concerning mental capacity and mental power based upon *Roberts v. State*, 3 Ga. 310 (1847). Appellant in that case raised a defense of insanity. The court here found that the requested charge was not adjusted to the evidence. The charge as given was a proper charge as to intent.

3. Appellant complains of the court's allowing State's Exhibit 28C into evidence. The exhibit in question was a blood sample taken from the crime scene and was an important element of the state's case. One witness incorrectly referred to the exhibit as 27 rather than 28C. Appellant claims that this error caused the chain of custody to be broken so that the state could not make the required showing as to custody of the sample. Because appellant made no objection at trial to the introduction of the exhibit on this basis, he waived any objection. *Williams v. State*, 255 Ga. 97 (335 SE2d 553) (1985); *Muff v. State*, 254 Ga. 45 (326 SE2d 454) (1985). Further, appellant has shown no harm in the incorrect reference to the exhibit number. It was shown at trial that Exhibit 27 was four pill boxes containing bullets.

4. In his fourth enumeration of error appellant contends that the court erred in not granting a mistrial when the state failed to produce a scientific report on a rifle pursuant to OCGA § 17-7-211 and to a *Brady v. Maryland* motion for the production of exculpatory evidence. Appellant contends that the gun was material to his defense because a murder weapon was not found. The district attorney stated at trial that all scientific reports had been submitted to appellant. If all reports had not been so submitted, the sanction under OCGA § 17-7-211 (c) is that the report be suppressed. Neither the gun nor any report on the gun was admitted into evidence; therefore, even if the report was not furnished, there was no harm to appellant. The argument that the gun was exculpatory evidence in that it was not the murder weapon is an illogical argument which is without any merit.

5. Appellant's complaint that the court failed to give his requested charge on the law of accident is also without merit. His contention at trial was that on the night of the murder he did not see the victim Jane Snyder. This is apparently the basis of his claim that he was entitled to a charge on accident. The trial court's refusal to give the requested charge was proper since the evidence fails to justify a charge of accident.

6. In his sixth enumeration of error appellant contends that the court should have granted a mistrial following a prejudicial statement of the district attorney. The district attorney in examining a witness asked, "I'm going to ask you this again. Do you remember testifying some two years ago in Rabun County, Georgia. . . ." Appellant insists that the only reason for the question referring to his prior trial was for the purpose of inflaming the jury. At trial his main objection seemed to be that the district attorney was leading the witness. The court has wide discretion in ruling on an objection concerning leading questions. *English v. State*, 234 Ga. 602 (216 SE2d 851) (1975). Although the reference complained of was to the witness' earlier testimony, the district attorney did not indicate that the testimony was during the previous trial of appellant in Rabun County. The motion for mistrial was properly denied.

7. Appellant next complains of the court's allowing into evidence certain photographs upon which appeared writing by persons who were not in court to testify. Appellant concedes that the photographs were properly authenticated and that they would have been admissible in evidence except for the presence of the writings. The testimony authenticating the photographs was by the officer who took them. This same witness testified that the writings, which described the scenes depicted, were made at the time the photographs were taken. Since the witness who authenticated the photographs testified that the writings accurately described the scenes depicted, the writings as well as the photographs were properly authenticated. Cf. *Williams v.*

*State*, 255 Ga., supra.

8. Appellant contends that the trial judge should have been recused because he was the trial judge in appellant's earlier trial in which he was sentenced to death. Appellant argues that the judge's affirmative response to a question on a Unified Appeal Form as to whether the death penalty had been appropriately imposed in the case shows bias. Appellant has shown no personal bias on the part of the trial judge which would have prevented his conducting the trial in an impartial manner. Appellant has not shown that the bias alleged stemmed from an extrajudicial source and that it was of such force as to cause the judge's impartiality to be drawn into question. *Birt v. State*, 256 Ga. 483 (350 SE2d 241) (1986). The opinion which the trial judge expressed after the initial trial was the direct result of his presiding over a judicial proceeding and does not reflect a personal bias which would mandate recusal.

9. Finally, appellant argues that the court erred in not granting his motion for a new trial. We find that the evidence was sufficient to meet the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the motion for new trial was properly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 24, 1987.

*Oliver & Oliver, William R. Oliver,* for appellant.

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.