S91A1280. ANDERSON v. THE STATE.
(413 SE2d 722)

FLETCHER, Justice.

Ricky Anderson was convicted of murdering Jerry Cowan.[1] Anderson appeals and we reverse.

On the evening of December 3, 1988, several people, including appellant and his brother Marc, gathered for an impromptu drinking party at Jerry Cowan's home. At some point in the evening, Cowan found Marc Anderson sitting on Cowan's wife's lap. Cowan grabbed

---

[1] The crime occurred on December 4, 1988 and a special presentment was returned against Anderson on December 12, 1988. The jury's verdict was returned on February 10, 1989 and Anderson was sentenced on the same day. A motion for new trial was filed on February 14, 1989 and was amended on July 9, 1990. The motion was denied on April 8, 1991 and Anderson filed a notice of appeal on May 1, 1991. The case was docketed in this court on July 1, 1991 and was orally argued on September 16, 1991.

his wife, took her into another room and struck her twice. When appellant attempted to intervene, Cowan began fighting with him. Cowan generally carried a hunting knife on his person and, during this first altercation with appellant, either Cowan's wife or one of the other bystanders removed the knife from its sheath on Cowan's belt and hid it.

Cowan and appellant eventually calmed down and even went so far as to shake hands with each other. Appellant and Marc Anderson were outside preparing to leave when appellant realized that he was forgetting the pet raccoon that Cowan had traded to him earlier in the evening for a handgun. As appellant walked back toward the house, Cowan approached him and the fighting began again.

During this second altercation, Marc Anderson, who, along with several others, had been watching the progress of the fight, drew his knife and said, "Well, I got to get in this." Someone shouted a warning about the knife and Cowan, who had been on the ground fighting with appellant, got to his feet and slapped Marc. Marc ran towards appellant's car but just as he was getting into the car, Cowan caught up with him. Marc turned and stabbed Cowan in the abdomen.

Cowan turned, saying something about a gun, and began toward the house. It is not clear how much time passed from the time Cowan began toward the house and the time he reached the porch leading into the house; nor is it clear whether Cowan paused on the porch for his wife to examine his wound or whether he was going directly into the house. At any rate, as Cowan was going toward the house, appellant went to his car, removed a rifle from the back seat, turned, and fired one shot. The bullet entered Cowan's head behind the right ear, passed through the brain and severed the brain stem. The coroner listed the cause of death as a "gunshot wound to the head associated with an incised wound to the abdomen." Marc Anderson was a co-indictee.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's sole defense at trial was that of justification, contending that he knew Cowan and Cowan's violent nature, that Cowan was headed into the house to get a gun, and that Cowan intended to shoot him. There was testimony at trial concerning Cowan's temper, his reputation for violence, the fact that Cowan was a hunter and frequently used weapons, and concerning the fact that appellant was aware that there were several weapons inside the house, including the handgun that appellant had traded to Cowan earlier in the evening for the pet raccoon.

Appellant requested that the jury be charged on the affirmative

defense of justification in the form of self-defense and on the burden of proof as to that affirmative defense. Following the trial court's charge, appellant objected concerning the court's charge on the burden of proof, arguing that because he had presented evidence of justification for the killing, the burden was on the state to disprove that affirmative defense beyond a reasonable doubt and that the court's charge had not made that clear.

Where a defendant raises the affirmative defense of justification and testifies to the same, the burden is on the state to disprove that defense beyond a reasonable doubt. Accord *State v. Royal*, 247 Ga. 309 (275 SE2d 646) (1981). Further, where requested charges are correct statements of the law and are adjusted to the evidence, as were appellant's requested charges on justification and on the burden of proof with respect to such an affirmative defense, to fail to give those charges or to at least charge the basic content of the requests is harmful error on the part of the trial court, requiring reversal. *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984). Finally, when an accused relies upon the affirmative and substantive defense of justification, the jury must be informed that if they believe the accused to have been justified, it would be their duty to acquit him; failure to so charge the jury is reversible error. *Witt v. State*, 231 Ga. 4 (200 SE2d 112) (1973).

In this case, the trial court initially charged as to the burden of proof as follows:

> Now, every person is presumed innocent until proven guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt. . . . While the law requires the State to prove the Defendant's guilt of the offenses charged to your satisfaction beyond a reasonable doubt, yet the law does not require the State to prove the Defendant's guilt to a mathematical or absolute certainty. . . .

In defining for the jury the various offenses for which appellant could be convicted, the trial court occasionally indicated that a certain element of a particular offense was "an essential element that the State must prove beyond a reasonable doubt." However, the trial court's explanation of the burden of proof went no further.[2]

The trial court went on to charge the jury as to mutual combat, a concept arising out of OCGA § 16-3-21 (b) and the law of justifica-

---

[2] Compare the charge on burden of proof given in the present case with the pattern charge on burden of proof found in Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, pp. 7 and 35 (2d ed. 1991).

tion. The charge given by the trial court as to mutual combat was virtually identical to the pattern charge found in Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, pp. 74-75 (2d ed. 1991). The charge given set forth the various elements that must coexist in order for there to have been a mutual combat situation and then differentiated between when a homicide occurring during such a situation will be considered murder, voluntary manslaughter or justifiable homicide.[3] The mutual combat charge given also set forth the facts that a jury must find in order to be able to find that an accused was justified in killing someone. However, neither the mutual combat charge given by the trial court, nor the pattern charge on mutual combat, contains any reference to the burden of proof with respect to the affirmative defense of justification.

Had the initial charge on burden of proof been more complete, the absence of a specific reference to the state having the burden of proof with respect to the affirmative defense of justification may not have amounted to reversible error. However, we have carefully reviewed the entire charge given to the jury. Nowhere in the charge was the jury informed that when the affirmative defense of justification is raised by a defendant, the state has the burden of proving the absence of the elements of that affirmative defense; nor was the jury told that if they believed the defendant to have been justified, it would be their duty to acquit him. These errors by the trial court in the charge to the jury require reversal of appellant's conviction.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED FEBRUARY 27, 1992.

*Alden W. Snead, J. M. Raffauf,* for appellant.

*David McDade, District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.

---

[3] Should the state choose to retry this case, we question the appropriateness of a charge on mutual combat as that charge is generally given only where both parties are armed with deadly weapons and mutually agree or intend to fight with those weapons. Accord *Loudermilk v. State,* 129 Ga. App. 552 (200 SE2d 302) (1973). Here, the evidence presented at trial reveals that during most of the fighting between appellant and Cowan, neither man was armed.