## A92A1646. HILL v. THE STATE.
(422 SE2d 564)

McMurray, Presiding Judge.

Defendant and Charles Rouse were jointly indicted for violating Georgia's Controlled Substances Act, i.e., selling cocaine. The evidence adduced at a jury trial revealed the following: At about 9:00 in the evening of April 8, 1988, Special Agent Kim Brown of the Georgia Bureau of Investigation was working undercover with a confidential informant. The special agent and the informant then negotiated a drug buy with defendant and arranged to close the deal a few minutes later at a nearby parking lot. Special Agent Brown and the informant met defendant and two other men in the vacant parking lot. Special Agent Brown observed defendant give a man, who appeared to be co-defendant Rouse, a small object. The man identified as co-defendant "Charles Rouse [then] motioned for [the special agent] to follow him which [she] did." Defendant's accomplice led Special Agent Brown to the side of a nearby building and there delivered cocaine to her in exchange for $100 in marked currency.

Defendant was found guilty of selling cocaine. Co-defendant Charles Rouse was found not guilty. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing he was misidentified as the perpetrator of the crime charged. Defendant also argues that his conviction is inconsistent with the jury's finding that co-defendant Rouse is not guilty of selling cocaine. This enumeration is without merit.

"In determining the sufficiency of the evidence in a criminal case, ' "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, (443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)). On appeal of a criminal conviction, the evidence is to be viewed "in the light most favorable to the prosecution" (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant.' (Emphasis in original; footnote omitted.) *Adams v. State*, 255 Ga. 356 (338 SE2d 860) (1986)." *Josey v. State*, 199 Ga. App. 780, 781 (2) (406 SE2d 125). In the case sub judice, Special Agent Brown positively identified defendant as the perpetrator of the crime charged. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of selling cocaine. *Jackson v. Vir-*

*ginia,* 443 U. S. 307, *supra.* Further, defendant's conviction for selling cocaine is not inconsistent with co-defendant Rouse's acquittal on the same charge.

At trial, both defendant and co-defendant Rouse relied on the defenses of alibi and misidentification. These defenses are not mutually independent. Consequently, the jury's apparent finding that co-defendant Rouse was not an accomplice to the illegal drug transaction is not inconsistent with their finding that defendant organized and participated in the execution of the illegal drug transaction.

2. Next, defendant contends the trial court's charge on intent was unconstitutionally burden-shifting. This contention is without merit. Almost identical language of the challenged portion of the trial court's charge on intent withstood virtually the same attack in *Griffin v. State,* 230 Ga. 449, 452 (3) (197 SE2d 723).

3. In his final enumeration, defendant contends the trial court's charge on alibi is confusing and unconstitutionally burden-shifting. The trial court's charge provides, in pertinent part, as follows: "Defendants contend that they were not present at the scene of the alleged offense at the time of its commission. Alibi as a defense involves the impossibility of the accused's presence at the scene of the alleged offense at the time of its commission. *The range of evidence in respect to time and place must be such as reasonably excludes the possibility of the presence of the defendant at the scene of the alleged offense.* Presence of the defendant at the scene of the crime alleged or as a party to the crime is an essential element of the crime set forth in this indictment and the burden of proof rests on the State to prove such beyond a reasonable doubt. Any evidence in the nature of alibi should be considered by you in connection with all the other evidence in the case and if in doing so you should entertain a reasonable doubt as to the guilt of the accused, it would be your duty to acquit the defendant. On the other hand, should you believe from the entire evidence that the defendants are guilty beyond a reasonable doubt or that either defendant is guilty beyond a reasonable doubt, it would be your duty to convict."

Defendant argues that the above emphasized language is confusing "in that the jury could believe the burden was on [him] to prove that he was elsewhere when the crime was committed." More specifically, defendant argues that the "trial court's reference to 'range of evidence' shifted the burden in the jurors' minds to believe that [he] had to present evidence to prove his innocence beyond a reasonable doubt." Defendant reasons that "[t]his possible interpretation of the jury charge . . . creates a situation where the jurors have to make a conscious choice between the two (2) burdens presented." We do not agree.

" 'The charge to the jury is to be taken as a whole and not out of

context when making determinations as to the correctness of same.' (Citations and punctuation omitted.) *Sharp v. State,* 192 Ga. App. 353, 354 (2a) (385 SE2d 23) (1989). Accord *Cordova v. State,* 191 Ga. App. 297, 298 (3) (381 SE2d 436) (1989)." *Bartlett v. State,* 196 Ga. App. 174, 175 (3) (396 SE2d 31). In the case sub judice, the trial court's charge on alibi included instructions that the State has the burden of proving, beyond a reasonable doubt, the essential element of presence at the scene of the crime. In this context, we cannot say the above emphasized language confused the jury or led them to believe that defendant had the burden of proving his absence from the scene of the crime. See *Young v. State,* 225 Ga. 255, 256 (3) (167 SE2d 586). On the contrary, it is our view that the trial court's charge fully and fairly informed the jury as to the defense of alibi and, in the same context, reminded the jury of the State's burden of proving, beyond a reasonable doubt, the essential element of presence at the alleged crime scene. See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 22 (2d ed. 1991). Nonetheless, defendant cites *Anderson v. State,* 262 Ga. 7 (413 SE2d 722), arguing that the trial court's charge on the law of alibi is deficient because "it failed to instruct the jury that the State has to disprove the defense of alibi beyond a reasonable doubt."

In *Anderson v. State,* 262 Ga. 7, supra, the Supreme Court held that the trial court's charge did not make it clear that the State has the burden of disproving, beyond a reasonable doubt, defendant's evidence that he was justified in killing the victim. The Supreme Court criticized that trial court's charge as follows: "Nowhere in the charge was the jury informed that when the affirmative defense of justification is raised by a defendant, the state has the burden of proving the absence of the elements of that affirmative defense; nor was the jury told that if they believed the defendant to have been justified, it would be their duty to acquit him." *Anderson v. State,* 262 Ga. 7, 8 (2), 10, supra. The case sub judice is distinguishable. First, the trial court's alibi charge emphasizes the State's burden of proving defendant's presence at the crime scene beyond a reasonable doubt. Second, the charge also includes the directive that "[a]ny evidence in the nature of alibi should be considered by you in connection with all the other evidence in the case and if in doing so you should entertain a reasonable doubt as to the guilt of the accused, it would be your duty to acquit the defendant." Under these circumstances, we cannot say that the trial court's charge on the law of alibi was burden-shifting or otherwise deficient.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

478

F. Robert Raley, for appellant.

Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney; for appellee.