S94A0596. COLEMAN v. THE STATE.
(443 SE2d 626)

BENHAM, Presiding Justice.

This appeal is from appellant's convictions for murder and possession of a knife during commission of a crime.[1] There was no contest at trial concerning the agency of death or appellant's involvement. The only contested issue concerned the identity of the aggressor in the fight. The State's witnesses testified that it was appellant who initiated the knife fight while appellant and her other witness testified that appellant was defending herself against the de-

---

[1] The killing occurred on July 23, 1991, and appellant was indicted on October 22, 1991, for murder, felony murder, and possession of a knife during commission of a crime. A trial conducted on August 6-7, 1992, resulted in verdicts of guilty to all three offenses and appellant was sentenced to life imprisonment for murder and to a term of five years, to be served consecutive to the murder sentence, for the weapons charge. A motion for new trial was filed on August 26, 1992, and was denied on December 2, 1993. Pursuant to direction in the notice of appeal filed on December 3, 1993, the record was transmitted to the Court of Appeals. The appeal was docketed there on December 29, 1993; was transferred to this court by order dated January 5, 1994; was docketed in this court on January 20, 1994; and was submitted for decision on March 14, 1994.

ceased's attack on her.

1. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There was no error in admitting into evidence a pre-autopsy photograph of the victim's face, which photograph was offered by the State for the purpose of establishing the identity of the deceased. *Thomas v. State*, 259 Ga. 202 (4) (378 SE2d 686) (1989).

3. Relying on *Witt v. State*, 231 Ga. 4 (200 SE2d 112) (1973), appellant contends that the trial court erred in failing to charge the jury specifically that it would have a duty to acquit if it found appellant was justified in killing the victim. We note, however, that *Witt* was specifically overruled on that ground in *Lavender v. State*, 234 Ga. 608 (2) (216 SE2d 855) (1975).[2] The charge here adequately covered justification and the State's burden of proof.

> When the charge is read in its entirety, it can not be said that the trial judge committed reversible error in failing to specifically charge the jury that it would be their duty to acquit the defendant if they believed he was justified in committing the killing. See *Lavender v. State*, 234 Ga. 608 (216 SE2d 855) (1975).

*Boling v. State*, 244 Ga. 825 (10) (262 SE2d 123) (1979).

4. The trial court charged the jury that it would be precluded, if it found the evidence supported a reduction of the charge from malice murder to voluntary manslaughter, from finding appellant guilty of felony murder. Appellant's complaint that the charge was somehow burden-shifting has no basis in the record or the law. The trial court properly explained the State's burden of proof and specifically charged that the defendant had no burden of proof. There was nothing in the charge which could reasonably be read to suggest that appellant had any burden of proof at all.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 6, 1994.

*Charles C. Mayers,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Barbara A. Smith, Assistant District Attorneys, Michael J. Bowers, At-*

---

[2] *Anderson v. State*, 262 Ga. 7 (2) (413 SE2d 722) (1992), is overruled to the extent that it relies upon the holding in *Witt*, supra, as one basis for the reversal of Anderson's conviction.

*torney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.