S94A0687. DANIELS v. THE STATE.
(443 SE2d 622)

FLETCHER, Justice.

Viola Daniels was convicted of the felony murder of Jabee Johnson with aggravated assault being the underlying felony.* She appeals

---

* The crime was committed on June 15, 1991 and Daniels was indicted on February 25, 1992. She was found guilty of felony murder on May 25, 1993 and sentenced to life imprisonment the same day. A motion for new trial was filed on June 24, 1993, amended on October 12, 1993, and denied on January 7, 1994. On January 7, 1994, she filed a notice of appeal. The case was docketed in this court on February 8, 1994 and submitted for decision without oral argument on April 14, 1994.

and we affirm.

1. Daniels contends that the court erred in denying her motion for directed verdict and that the evidence is insufficient to sustain the verdict of guilt. Reviewed in the light most favorable to the verdict, the jury was authorized to find that on the evening of June 15, 1991, while making a cocaine sale from his home, co-defendant Forrest Royal, Jr., discovered that he was missing a packet of cocaine. Suspecting Johnson, the victim, of stealing the cocaine, Royal forced him by gunpoint to return to Royal's home where he was ordered to remove his clothing. After discovering cocaine in Johnson's underclothes, Royal put a gun to his head and threatened to "blow [his] brains out," causing Johnson to lunge at Royal and struggle for control of the gun. Hearing the commotion, Daniels came into the room and, according to an eyewitness, repeatedly stabbed Johnson with a knife. He later died as a result of the approximately 20 stab wounds he received in the struggle.

Based on this evidence, the trial court did not err in denying Daniels' motion for directed verdict, *Lee v. State*, 247 Ga. 411, 412 (276 SE2d 590) (1981), and the jury was authorized to find Daniels guilty of the crimes of which she was convicted beyond a reasonable doubt, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her third enumeration of error, Daniels complains that the court's charge to the jury on the law of self-defense and justification was incomplete.[2] She first argues that the court erred because it did not adequately charge the jury on the defense of others and did not inform jurors that they had a duty to acquit if her conduct was justified. The court instructed the jury that the law permitted Daniels to use deadly force if the use of such force was reasonable to prevent bodily injury to herself or to prevent the use or threat of physical force or violence against herself or any person.[3] The court further in-

---

[2] Daniels' primary defense was that she was not the person who stabbed Johnson. As an alternative defense, in an apparent attempt to counter eyewitness testimony that she grabbed the knife and repeatedly stabbed Johnson, Daniels requested a charge on self-defense but admittedly did not request that the court charge the jury on the defense of others. Nevertheless, she contends that the court was required to charge this third alternative defense, even in the absence of a request, because it was raised by the evidence. See *Rivers v. State*, 250 Ga. 288 (298 SE2d 10) (1982). Because we find that the charge as a whole completely instructed the jury on the defense of others, we need not address this issue.

[3] With respect to the defense of justification, the court charged the jury as follows: [I]f you find that the defendant's conduct was justified, this is a defense to prosecution for crime based on that conduct. A person is justified in threatening or using force against another person when, and to the extent that, that person reasonably believes that such threat or force is necessary to defend herself against the other's imminent use of unlawful force. A person is justified in using force which is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to herself, or to

structed the jury that if they determined that Daniels' conduct was justified, it was a defense to prosecution and that the state had the burden of proving each element beyond a reasonable doubt, including the burden of proving that Daniels did not act in self-defense. This is simply another way of informing the jury that they should acquit if they found that her actions were justified or if the state failed to prove its case. *Doss v. State*, 262 Ga. 499, 500 (422 SE2d 185) (1992). Considered as a whole, the court's charge fully and adequately imparted to the jurors the correct legal principles concerning the defense of others and the state's burden of proof.[4] *Pruitt v. State*, 258 Ga. 583, 588 (373 SE2d 192) (1988); *Johnston v. State*, 232 Ga. 268, 272 (206 SE2d 468) (1974).

3. Daniels also argues that the charge was inadequate because the court refused to charge the jury on "menaces causing reasonable beliefs of danger," see Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 3 (AA) (5) (2d ed. 1991), to explain when threats or menaces made by the victim give rise to a reasonable belief that the use of deadly force is necessary. This alleged error is without merit as there was no evidence that the victim threatened or made menacing gestures not amounting to an assault towards either Daniels or Royal. *Bennett v. State*, 262 Ga. 149, 152 (414 SE2d 218) (1992); *Pruitt*, 258 Ga. at 588.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 6, 1994.

*Peter D. Johnson,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

---

prevent the commission of a forcible felony. A forcible felony means any felony which involves the use or threat of physical force or violence against any person. The State has the burden of proving beyond a reasonable doubt that the defendant did not act in self defense.

[4] Of course, the better practice is for the court to follow the specific language of the statute at issue or the suggested pattern jury instructions, but such strict compliance is not required as long as the principle of law set forth is sufficiently imparted to the jurors. *Johnston v. State*, 232 Ga. 268, 272 (206 SE2d 468) (1974).