## S96A0458. SINKFIELD v. THE STATE.
### (470 SE2d 649)

SEARS, Justice.

Appellant Damon Bernard Sinkfield appeals from his convictions for malice murder, possession of a firearm on school property, and carrying a concealed weapon. We find no error in the court's charge and recharge to the jury, or in its sentencing of Sinkfield. Nor do we find any error in the scope of closing arguments permitted by the trial court. Therefore, we affirm.

The evidence introduced at trial showed a history of violent confrontations between Sinkfield and the murder victim. Eyewitnesses testified that on the day of the murder, the victim was sitting in a car parked on school property in front of North Clayton High School, and that Sinkfield approached the car, and began to kick it and taunt the victim. After this went on for some time, the victim stepped out of the car and approached Sinkfield. Several words were exchanged, and then Sinkfield drew a gun from his pocket and shot the victim in his chest, killing him. Sinkfield then fled onto the school campus, carrying the murder weapon with him. The victim also was armed with a handgun, which he attempted to fire after Sinkfield shot him, although it did not discharge.[1]

---

[1] The crimes were committed on February 4, 1993. Sinkfield was indicted on November 11, 1993, the trial commenced on October 17, 1994, and a mistrial was declared on October 18, 1994. Thereafter, a motion to dismiss on double jeopardy grounds was filed. A hearing was held on the motion on November 17, 1994, at which the motion was denied. A second jury trial began on September 18, 1995, and the jury returned its guilty verdicts on September 22, 1995. On that same day, Sinkfield was sentenced to life imprisonment for malice murder, five consecutive years for carrying a weapon on school property, and twelve concurrent months for carrying a concealed weapon. The Sentence Order was filed on October 4, 1995. No request for a new trial was filed. A timely notice of appeal was filed on October 20, 1995. The transcript was certified by the court reporter on December 4, 1995. The appeal was docketed in this Court on December 14, 1995, and submitted for decision without oral argument on February 5, 1996.

1. Viewed most favorably to the verdict, the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Sinkfield was guilty of malice murder, carrying a weapon on school property, and carrying a concealed weapon.[2]

2. Sinkfield claims that the trial court erred in charging the jury with regard to mutual combat. A charge on mutual combat generally is proper when there is evidence of a mutual intention or agreement to fight.[3] A mutual intention to fight sufficient to support a charge of mutual combat may be inferred from the conduct of the parties.[4] In this case, the history of violent aggressive behavior between Sinkfield and his victim and the fact that both men were armed at the time of the murder raised an inference of a mutual intention to fight, and therefore supported the court's charge on mutual combat. Moreover, we note that a charge on mutual combat enables a jury to find a criminal defendant guilty of voluntary manslaughter in lieu of murder.[5] Hence, the mutual combat charge could only have benefitted Sinkfield, and we reject this enumeration as meritless.

3. Sinkfield claims that the trial court erred in recharging the jury only on malice murder when it had asked for a clarification of that charge and whether it required certain specified findings. Sinkfield urges that the jury's recharge request indicates that it was confused with regard to the initial charges on malice murder, justification and mutual combat, and that the trial court should also have recharged on mutual combat.

The record shows that the jury requested the trial court to "clarify the definition of malice murder, especially does it mean intent to kill, or both are aggressors, or . . . both must apply and not [only one]. . . . [Also] clarify the time needed to be considered malice, such as one second, thirty seconds, etc." In response, the trial court repeated its complete charge on malice murder, including its charge on the justification defense.

A trial court is duty-bound to recharge on any part of the charge when the jury so requests, but a trial court does not err by limiting a recharge to the specific points raised by the jury's inquiry.[6] In this case, the jury requested a recharge on malice murder, and raised several specific inquiries regarding the definition of malice murder. The jury did not request a recharge on mutual combat. The trial court did not err in responding to this request by repeating its charge on malice

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, pp. 74-75 (2nd ed. 1991); see also *Anderson v. State*, 262 Ga. 7, 10 (413 SE2d 722) (1992), rev'd on other grounds, 264 Ga. 253 (443 SE2d 626) (1994).

[4] *Simmons v. State*, 172 Ga. App. 695, 696 (324 SE2d 546) (1984).

[5] *Anderson*, supra.

[6] *Williams v. State*, 263 Ga. 135, 136-137 (429 SE2d 512) (1993).

murder, and not its charge on mutual combat.[7] Hence, we reject this enumeration also.

4. Sinkfield claims the trial court erred in sentencing him for both possessing a weapon on school property and carrying a concealed weapon, because the latter offense merges with the former. The two offenses do not merge. The offense of carrying a concealed weapon does not require that it be done on school property;[8] the offense of possessing a weapon on school property requires neither that the weapon be concealed nor that it be carried on a person.[9] Hence, neither crime is fully inclusive of the other,[10] and we reject this enumeration as well.

5. Finally, Sinkfield argues that the trial court erred by allowing the State to comment in its closing argument that he had failed to produce corroborating witnesses. Appellant asks us to reconsider our holding in *Wilson v. Zant*,[11] that in making its closing argument to the jury, the State is permitted to comment on a defendant's failure to produce witnesses who allegedly would have given favorable testimony. Sinkfield urges that such reconsideration is warranted in this case, as he was unable to locate corroborating witnesses due to his incarceration, lack of contact with counsel, and lack of funds. The logistical difficulties in locating corroborating witnesses encountered by Sinkfield are shared by many, if not most, criminal defendants, and do not compel us to revisit our holding in *Wilson* that permits the prosecution in its closing argument to urge the jury to draw reasonable deductions from a defendant's failure to produce purportedly favorable witnesses.[12]

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I fully concur in the majority opinion and I thoroughly agree with the majority's refusal to "reconsider our holding in *Wilson v. Zant*, [249 Ga. 373 (290 SE2d 442) (1982)] that in making its closing argument to the jury, the State is permitted to comment on a defendant's failure to produce witnesses who allegedly would have given favorable testimony." However, at some point in time, I hope that we have an opportunity to reconsider some dicta in *Wilson* that absolutely precludes a defendant from making a similar comment on the State's failure to call key witnesses. This Court has followed that dicta in *Roper v. State*, 251 Ga. 95, 98 (6) (303 SE2d 103) (1983). It appears

---

[7] See *Welch v. State*, 257 Ga. 197, 198 (357 SE2d 70) (1987).
[8] OCGA § 16-11-126.
[9] OCGA § 16-11-127.1.
[10] See *State v. Burgess*, 263 Ga. 143, 145 (429 SE2d 252) (1993).
[11] 249 Ga. 373 (290 SE2d 442) (1982).
[12] 249 Ga. at 385.

that the dicta in *Wilson* and the holding in *Roper* are in conflict with *Morgan v. State*, 124 Ga. 442 (1) (52 SE 748) (1905). Nevertheless, this case does not allow us to reach this issue and any review and analysis of the rule proscribing defendant's argument concerning the State's failure to produce witnesses must await another day.

I am authorized to state that Presiding Justice Fletcher joins in this opinion.

DECIDED MAY 28, 1996.

*Christy R. Jindra,* for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Michael J. Bowers, Attorney General, Allison Goldberg, Assistant Attorney General,* for appellee.