## S96A0899. STEVENS v. THE STATE.
### (472 SE2d 426)

HINES, Justice.

Richard Allen Stevens, Jr. was found guilty of malice murder, but mentally ill, in connection with the fatal stabbing of Terry Washington.[1] We affirm.

The evidence viewed in favor of the verdict established that on the evening of May 2, 1993, Stevens, Washington and others were attending a crab boil at a local gathering spot. Stevens and Washington began to argue and the argument escalated into a physical fight in which Washington was "getting the better of" Stevens. Washington let Stevens get up from the ground and Stevens left the area. Stevens walked to the nearby home of a friend and asked her for a knife. The friend refused but Stevens took a kitchen knife and returned to the fight scene. When Stevens approached Washington with the knife, Washington grabbed a block or brick and swung at Stevens. Washington fled on foot with Stevens giving chase. Washington stumbled and fell to the ground and Stevens fatally stabbed him in the back.

Two psychiatrists who were expert witnesses for the defense testified that Stevens suffered from schizophrenia, and although mentally ill at the time of the killing, he was not suffering from any delusional compulsion and was able to appreciate right from wrong.

---

[1] The murder of Terry Washington occurred on May 2, 1993. Stevens was indicted for malice murder in connection with the crime on September 13, 1993. On July 26, 1994, Stevens filed a "Notice of Intention of the Defense to Raise the Issue of Insanity, Mental Illness, or Mental Competence" pursuant to Uniform Superior Court Rule 31.4. On August 4, 1994, a special jury found Stevens mentally competent to stand trial. He was tried for the murder on August 23, 1994, and on that date the jury found him guilty of malice murder, but mentally ill. Stevens was sentenced that day to confinement for life and committed to the Department of Human Resources until such time as his condition warranted transfer to the Department of Corrections. He filed a motion for new trial on October 27, 1994, and it was amended on October 16, 1995. The motion was denied on November 2, 1995. Stevens filed a notice of appeal to the Court of Appeals of Georgia on November 9, 1995, and the Court of Appeals transferred the case to this Court on February 15, 1996. The appeal was docketed in this Court on February 28, 1996, and submitted for decision without oral argument on April 22, 1996.

1. After review of the evidence, we conclude that the jury was authorized to find beyond a reasonable doubt that Stevens was guilty of malice murder, but mentally ill. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. It was not error for the trial court to refuse to charge the jury on a defense of insanity and on a verdict of not guilty by reason of insanity. Contrary to Stevens' assertion, insanity at the time of the act was not the sole defense at trial. Regardless of any negative impact from Stevens' own testimony, the apparent trial strategy was to present a situation of self-defense, and the court so charged the jury. Moreover, nothing presented at trial warranted an instruction on the defense of insanity. See *Duck v. State*, 250 Ga. 592 (300 SE2d 121) (1983). There was no evidence that Stevens committed the murder because of a delusional compulsion or that he lacked the ability to distinguish right from wrong at the time he stabbed the victim. Stevens' own psychiatrists testified to the contrary, and at the charge conference Stevens' counsel acknowledged that the medical opinion failed to provide any support for a charge on insanity. The fact that the jury was instructed on the verdict of "guilty but mentally ill at the time of the crime" did not require that it also be instructed on the verdict of "not guilty by reason of insanity at the time of the crime" in the absence of evidence of Stevens' insanity at the time of the killing. *State v. Ball*, 251 Ga. 840 (310 SE2d 516) (1984).

3. The trial court did not err in treating Stevens as competent for trial. Nineteen days prior to the murder trial, a special jury heard and considered evidence regarding Stevens' mental state and found him competent to be tried. Stevens' contention that the transient nature of his illness and the interval following the competency proceeding required the trial court to conduct another competency inquiry at the time of trial is unavailing. No issue was raised at the murder trial concerning Stevens' competency to proceed. In fact, in opening statement to the jury, Stevens' counsel acknowledged that Stevens was then competent to stand trial. Moreover, there was no evidence of a lapse in Stevens' mental state following the jury determination of competency. On the contrary, the record demonstrates that Stevens understood the nature and object of the proceeding and was able to actively participate in it. The fact that his testimony may have adversely affected his justification defense is not evidence of mental incompetence. If another competency inquiry must always be made immediately before trial, then it would be virtually impossible to try the accused on the merits of the charges against him. *Currelley v. State*, 145 Ga. App. 29 (243 SE2d 307) (1978); see also *Hardwick v. State*, 231 Ga. 181, 183 (4) (200 SE2d 728) (1973).

4. The trial court did not err in instructing on the State's burden of proof regarding Stevens' asserted self-defense. It correctly charged

that "the State has the burden of proving beyond a reasonable doubt that the defendant did not act in (self-defense)." *State v. Shepperd,* 253 Ga. 321 (320 SE2d 154) (1984). The court also fully informed the jury of the State's burden in proving guilt of the offense charged or raised by the evidence and directed that if the jury found that the defendant's conduct was justified, this was a defense to prosecution for any crime. Compare *Anderson v. State,* 262 Ga. 7, 8 (2) (413 SE2d 722) (1992), relied on by appellant.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 1996.

*William O. Cox,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.

---

[2] In *Coleman v. State,* 264 Ga. 253, 254 (3) (443 SE2d 626) (1994), this Court overruled *Anderson* to the extent that it relied upon the holding in *Witt v. State,* 231 Ga. 4 (200 SE2d 112) (1973), as a basis for reversal of Anderson's conviction.