## S96A1378. BROWN v. THE STATE.
(478 SE2d 129)

THOMPSON, Justice.

John O. Brown was convicted by a jury of the malice murder of David McKenzie, and possession of a firearm during the commission of a crime. He appeals from the judgment of conviction and sentences entered thereon.[1]

Brown does not deny killing McKenzie, but claims that he did so in self-defense after McKenzie attempted to shoot him. Brown spent the night before the shooting at the home of Mary Nell Lamb. At approximately 8:00 a.m. the following morning, Lamb's boyfriend, McKenzie, arrived and engaged in a discussion with Lamb in the doorway of her home. Lamb testified that she was having a calm discussion with McKenzie when Brown exited a bedroom, pushed her out of the way, and shot McKenzie in the shoulder. McKenzie, who was unarmed, fled from the apartment. Lamb attempted to prevent Brown from following in pursuit, but he pushed her to the floor and ran after McKenzie into the parking lot of the apartment complex, where gunshots were fired. Lamb's cousin, who had also spent the night in the apartment, testified to the same sequence of events. Although neither Lamb nor her cousin witnessed what occurred in the parking lot, several neighbors did. Three eyewitnesses testified that they saw Brown standing over the victim shooting him as the victim lay on the pavement with his arms raised toward Brown.

Brown testified in his own defense that he came out of the bedroom after hearing McKenzie arguing with Lamb. When McKenzie reached for a pistol, Brown shot him in the shoulder. McKenzie ran into the parking lot where Brown fired two shots into his hand and then "finally had to shoot him in his head."

1. The evidence was sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find Brown guilty of the crimes for which he was convicted.

2. While Brown contends that the trial court erred in failing to

---

[1] The crimes occurred on August 15, 1995. Brown was indicted on December 19, 1995. Trial commenced on February 28, 1996, and he was found guilty of the charged offenses on the following day. He was sentenced on March 1, 1996 to life imprisonment plus five consecutive years. A motion for new trial was filed on March 14, 1996, and denied May 1, 1996. The case was docketed in this Court on May 22, 1996, and was submitted for decision on briefs on July 15, 1996.

instruct the jury on the State's burden to prove the absence of self-defense, this assertion is belied by the record. The trial court properly charged the jury regarding the State's burden, as follows: "An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. Once the issue of an affirmative defense is raised, the burden is on the state to disprove it beyond a reasonable doubt." The trial court then gave complete instructions on the legal principles of self-defense and justification, reiterating that the State has the burden of proving beyond a reasonable doubt that the defendant was not justified. Considered as a whole, the charge fully conveyed to the jury the state's burden of disproving the affirmative defense of justification. See *Stevens v. State*, 267 Ga. 36 (4) (472 SE2d 426) (1996); *Daniels v. State*, 264 Ga. 259 (2) (443 SE2d 622) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 1996.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.,* for appellant.

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.