S96A1414. ANDREWS v. THE STATE.
(480 SE2d 29)

BENHAM, Chief Justice.

Rodney Lamont Andrews was found guilty of felony murder and

aggravated assault in connection with the fatal shooting of Rico Rozier in the parking lot of a fast-food restaurant shortly after the restaurant had closed for the night.[1]

Appellant and the victim were each at the restaurant in order to provide transportation to different restaurant employees. Appellant was waiting inside the glass-walled building, while the victim was sitting in his car. As they performed their closing duties inside the restaurant, the male employees teased the female employee about the victim, her boyfriend. When the female employee left, appellant held the door open for her and called her boyfriend a "punk." The victim heard the epithet and responded angrily. Words were exchanged between appellant and the victim. The victim exited his vehicle and, as he placed a key in the car trunk lock, promised to show appellant "who the punk is." At that point, appellant pulled a handgun from his pants and shot the victim in the back. Appellant ran to where the victim lay on his stomach and shot him three more times in the back before fleeing the scene.

1. Appellant maintains that the evidence was not sufficient to authorize his conviction since the State did not disprove his evidence that his action was justified.

"[A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself. . . ." OCGA § 16-3-21 (a). To establish justification, a defendant must show the circumstances were such as to excite the fears of a reasonable person that his safety was in danger. *Wetta v. State*, 217 Ga. App. 128 (1) (456 SE2d 696) (1995). When a defendant presents evidence that he was justified in using deadly force, the burden is on the State to disprove the defense beyond a reasonable doubt. *Anderson v. State*, 262 Ga. 7 (2) (413 SE2d 722) (1992), overruled on other grounds in *Coleman v. State*, 264 Ga. 253 (3) (443 SE2d 626) (1994). Whether the circumstances of the confrontation between the victim and appellant were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him is a question for the jury. *Anderson v. State*, 245 Ga. 619 (1) (266 SE2d 221) (1980). Appellant testified that he shot the victim to prevent him from gaining access to his

---

[1] The crimes occurred on September 10, 1994. Appellant was arrested within hours of the shooting and was indicted January 6, 1995. His trial commenced on May 30, 1995, and concluded with the return of guilty verdicts on June 2. Appellant was sentenced to life imprisonment for the felony murder conviction and a concurrent 20-year term for the aggravated assault conviction. His motion for new trial, filed June 29, 1995 and amended September 12, was denied February 14, 1996. Appellant filed a Notice of Appeal on February 29; his appeal was docketed in this Court on May 28, and oral argument was heard on September 10, 1996.

car's trunk from which appellant feared the victim would procure a weapon. The State presented evidence that the victim was not armed with a weapon. Our review of the evidence persuades us that the evidence was sufficient to disprove the justification defense beyond a reasonable doubt and to authorize the trier of fact to find appellant guilty beyond a reasonable doubt of felony murder and aggravated assault. See *Bennett v. State*, 265 Ga. 38 (453 SE2d 458) (1995); *Joachim v. State*, 263 Ga. 816 (1) (440 SE2d 15) (1994).

2. Appellant next takes issue with the trial court's admission of similar transaction evidence. "[E]vidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion. . . ." *Williams v. State*, 261 Ga. 640 (2) (a) (409 SE2d 649) (1991). Accordingly, before evidence of an independent offense is admitted, the trial court must hold a hearing at which the State must make three affirmative showings and after which the trial court must make a determination that each of the three showings has been made satisfactorily. Id. at Division 2 (b). It must be established that the State wishes to introduce evidence of the independent offense for an appropriate purpose; that the defendant committed the independent act; and that the independent act and the act for which the accused is being tried have a "sufficient connection or similarity . . . that proof of the former tends to prove the latter." Id.

The evidence presented by the State at the hearing held pursuant to Uniform Superior Court Rule 31.3 (b) established that, in 1991, at age 15, appellant pled guilty to voluntary manslaughter in connection with the shooting death of a female acquaintance. A witness at the Rule 31.3 hearing testified that appellant believed the 1991 victim had set him up to be the victim of a robbery during which he had been beaten badly, and that he had purchased a gun threatening to kill her. The shooting occurred in appellant's room in an apartment leased by the witness. Appellant testified at the hearing that the 1991 shooting was an accident. The State argued that the 1991 act was similar to the crime for which appellant was being tried in that each homicide was committed with a handgun after little conversation in the early morning hours of a fall day, and that each time appellant was captured a short distance away after leaving the scene. The trial court found that the State sought to introduce the evidence for a proper purpose; that appellant committed the 1991 shooting; and that the transactions were sufficiently similar to authorize admission of evidence concerning the 1991 shooting.

Appellant takes issue only with the trial court's finding that the 1991 shooting was sufficiently similar to the 1994 incident for which

appellant was being tried. The incidents were similar in that each involved a victim who took some action which caused appellant to react by firing a weapon, each time with fatal consequences. "Since appellant claimed [he acted in] self-defense, evidence of previous unprovoked attacks was relevant to show malice, intent, motive, and bent of mind." *Gentry v. State*, 250 Ga. 802 (1) (301 SE2d 273) (1983).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur in the judgment only as to Division 2.*

DECIDED FEBRUARY 3, 1997.

*Johnson, Prioleau & Lynch, Theodore Johnson,* for appellant.
*Lewis R. Slaton, District Attorney, John C. Culp, Michael L. Spotts, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.

