## S97A1798. FRANKLIN v. THE STATE.
(494 SE2d 327)

BENHAM, Chief Justice.

Leroy Clark died as a result of a single stab wound to the heart, inflicted by appellant Homer Franklin in the early morning hours of May 27, 1995.[1] The stabbing occurred during a physical altercation between appellant and the victim, which took place approximately 12 hours after the parties' sons had fought. At the time of the sons' fight, appellant had threatened the victim's son. The fatal stabbing also

[1] The crime occurred on May 27, 1995. The grand jury returned a true bill charging appellant with malice murder and criminal solicitation of a felony on August 7, 1995. Appellant's trial commenced March 18, 1996, and concluded the next day with the jury's return of guilty verdicts finding appellant guilty of felony murder and criminal solicitation. On April 3, 1996, appellant was sentenced to life imprisonment for the murder conviction and given a concurrent three-year term for the criminal solicitation conviction. Appellant's motion for new trial, filed April 15, 1996, and amended January 22, 1997, was denied June 25, 1997. The notice of appeal was filed July 17, and the case was docketed in this Court on July 25. The appeal was submitted for decision on briefs.

occurred within an hour of the victim storming into appellant's apartment and frightening appellant's speech- and hearing-impaired wife. A friend of the victim's son testified to seeing appellant and another man run from the site where the witness and the victim's son later found the unarmed, intoxicated victim. Appellant initially told investigating officers that the victim had assaulted him; he concluded his statement with the admission that he had stabbed the victim. Appellant's brother-in-law told investigators that appellant had grabbed the victim by the throat and struggled with him because of their sons' earlier fight. When the victim fell to the ground, appellant told his brother-in-law, "I got him; come on." Appellant gave his knife to his brother-in-law and told him to dispose of it. The jury found appellant guilty of felony murder and solicitation of a felony.

1. Appellant maintains the evidence is not sufficient to authorize the jury's guilty verdict because the State presented no evidence that appellant intended to kill the victim, and did not prove beyond a reasonable doubt that appellant was not justified in using deadly force against the victim.

Appellant was convicted of felony murder. Felony murder does not require proof of malice or the intent to kill, but only that the defendant possessed the requisite criminal intent to commit the underlying felony. *Holliman v. State,* 257 Ga. 209 (1) (356 SE2d 886) (1987). Aggravated assault was alleged to be the underlying felony, and appellant's admission to investigating officers that he intentionally stabbed the victim because the victim was on top of him was evidence of the necessary intent.

As for appellant's contention that the State did not disprove his justification defense beyond a reasonable doubt, the only evidence that appellant stabbed the victim in self-defense came through the testimony of appellant's brother-in-law, who witnessed the fight between appellant and the victim. His trial testimony that appellant was fending off the victim's offensive attack was impeached by his prior statements to the investigating officers. As the assessors of witness credibility, the jury was authorized to believe the brother-in-law's initial statements to law enforcement officers and to give no credence to his contrary trial testimony. *Howard v. State,* 227 Ga. App. 5 (6) (a) (488 SE2d 489) (1997). Furthermore, whether the circumstances of the appellant's confrontation with the victim were such as to excite the fears of the reasonable person that deadly force was necessary to prevent the use of deadly force by the opponent was for the factfinder. *Andrews v. State,* 267 Ga. 473 (1) (480 SE2d 29) (1997). Our review of the evidence persuades us that the evidence presented by the State was sufficient to disprove beyond a reasonable doubt appellant's contention that his use of deadly force was justified and to authorize a rational trier of fact to find appellant guilty

beyond a reasonable doubt of felony murder. Id.

2. Appellant also contends that he was convicted of committing a crime in a manner not alleged in the indictment. The indictment alleged that appellant "did unlawfully, with malice aforethought, and while in the commission of a felony, to wit: Aggravated Assault, cause the death of Leroy Clark, a human being, by stabbing the said Leroy Clark with a knife. . . ." A defendant may be convicted of felony murder under an indictment for malice murder where the underlying felony of the felony murder conviction is set forth in a separate count of the indictment or the indictment alleges how the murder was committed. *Dunn v. State*, 263 Ga. 343 (2) (434 SE2d 60) (1993). Since the indictment's malice murder count alleged that appellant caused the victim's death by stabbing him with a knife, it included facts sufficient to notify appellant that he was being charged with the felony of aggravated assault and that the aggravated assault could be the underlying felony for a felony murder conviction. Id.

3. During its deliberations, the jury requested "another definition" of malice murder and felony murder. In response, the trial court recharged the jury on the law of malice murder and felony murder, and overruled appellant's contention that the recharge should have included the law of justification. The trial court did not err by limiting the recharge to the points raised by the jury's inquiry. *Sinkfield v. State*, 266 Ga. 726 (3) (470 SE2d 649) (1996).

4. Appellant complains that using the aggravated assault of the victim as the underlying felony supporting appellant's felony murder conviction violated his constitutional guarantees of due process, trial by jury, and the presumption of innocence, and diminished the State's burden of proof. We thoroughly examined whether an independent felony was necessary to sustain a felony murder conviction in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), and decided the issue adversely to appellant by adopting the partial merger rule, making it permissible to convict a defendant of felony murder with aggravated assault of the victim as the underlying felony. See *Lee v. State*, 265 Ga. 112 (5) (454 SE2d 761) (1995).

5. Appellant's final contention, that the sentence of life imprisonment he received for felony murder constitutes unconstitutional cruel and unusual punishment because it is disproportionate to the crime committed, will not be addressed as it was not raised in the court below. *Williams v. State*, 262 Ga. 422 (2) (420 SE2d 301) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*Jacqueline J. Herring,* for appellant.
*Michael H. Crawford, District Attorney, Thurbert E. Baker,*

*Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.