S00A0377. PORTER v. THE STATE.
(531 SE2d 97)

THOMPSON, Justice.

Eric Porter appeals from the judgment of conviction and sentence entered for the offense of malice murder, asserting that the trial court erred in refusing to instruct the jury on self-defense.[1] Finding no error, we affirm.

After discovering that his apartment had been broken into and his gun stolen, the victim, Michael Humphrey, entered the apartment of Porter's brother and accused Porter of the break-in. With permission, Humphrey searched the bags of the persons in the apartment. He then went to the parking lot and approached Porter who was sitting in the back seat of a parked car. The events were witnessed by a woman who was seated in the driver's seat of the vehicle. She testified that Humphrey asked Porter's permission to search a bag which was also in the back seat; that Humphrey appeared calm and did not raise his voice; and that Porter agreed and Humphrey got into the back seat to carry out the search. At some point during the search, she heard Humphrey say to Porter, "give me my pistol"; whereupon the two began "tussling" and pushing each other's arms. Both men exited the car — Porter from the driver's side and Humphrey from the passenger side. The witness next observed Porter in possession of a gun which he fired twice over the roof of the car at Humphrey who was retreating. As Humphrey ran toward the apartment complex, Porter fired two more shots at him. Forensic evidence established that two bullets fired from a large caliber handgun had lodged in the victim's body, causing his death. Both shots were fired while the victim had his back to Porter.

Porter fled from the scene and eventually turned himself in to police. He waived *Miranda* rights and in a custodial statement told

---

[1] The shooting occurred on June 27, 1997. On September 9, 1997, Porter was indicted for malice murder and felony murder with the underlying felony of aggravated assault. Trial commenced on August 24, 1998, and on August 27, 1998, Porter was found guilty as charged. He was sentenced on the same day to life imprisonment for malice murder. An untimely motion for new trial was filed on September 30, 1998 and denied on March 31, 1999. A notice of appeal was filed on April 30, 1999 but the appeal was dismissed by this Court because the untimely motion for new trial was deemed void. The case was returned to the trial court and Porter's motion for an out-of-time appeal was granted on October 26, 1999. A second notice of appeal was filed November 2, 1999. The case was docketed in this Court on November 18, 1999, and oral argument was heard on April 11, 2000.

police that he and Humphrey were in the back seat of the car so that Humphrey could examine the contents of Porter's bag; that the two exchanged words about whether Porter had broken into Humphrey's apartment; that Humphrey reached for a gun, a scuffle ensued, and the gun fell to the floor of the car. Porter then stated, "I got the gun and he got out of the car and ran. . . . I fired once over the car . . . [and] I went 'round the back of the car to chase him. . . . I was holding the trigger and when it was empty I dropped it." Porter knew that Humphrey was unarmed when he emerged from the car. When asked by the police why he emptied the semi-automatic pistol at the unarmed, retreating victim, Porter claimed that he was "scared" because he knew that Humphrey owned more than one gun. He later explained that when Humphrey "fell to his knees that's when I got scared." At that point, Porter dropped the gun, got into the car along with others, and drove off eluding the police.

1. The evidence was sufficient to enable a rational trier of fact to find Porter guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We reject Porter's assertion that the evidence merely established the lesser offense of voluntary manslaughter based on his stated belief that the victim was attempting to flee from the scene to retrieve another gun. Eyewitnesses testified to Humphrey's calm demeanor while he was looking through Porter's bag, and Porter admittedly shot and killed the unarmed victim as he was attempting to flee. "By finding appellant killed the victim with malice, the jury necessarily found that the murder was without provocation sufficient to authorize a verdict of voluntary manslaughter." *Akins v. State*, 269 Ga. 838, 839 (2) (504 SE2d 196) (1998).

3. Porter submits that the trial court erred in refusing to instruct the jury on self-defense, as he claims it was his sole defense.

A charge on the defendant's sole defense is mandatory only if there is some evidence to support the charge. *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991).

When a defendant raises the affirmative defense of justification, he must present evidence that he was justified in using deadly force. *Andrews v. State*, 267 Ga. 473 (1) (480 SE2d 29) (1997). The burden then shifts to the State to disprove that defense beyond a reasonable doubt. Id. Porter offered no evidence at trial. He relies solely on his custodial statement to carry his burden of production. But that statement belies a justification defense.

> A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of

unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

OCGA § 16-3-21 (a). Porter admittedly knew that the victim was unarmed when he left the car. Porter also admitted that he ran around the back of the car chasing the retreating victim, while holding down the trigger of the semi-automatic revolver and firing the remaining shots at him from a distance of about two feet as the victim "kept running." Thus, any imminent threat of harm which may have occurred in the back seat of the vehicle had ended when both men emerged. See generally *Strong v. State*, 263 Ga. 587 (2) (436 SE2d 213) (1993). Even if Porter believed the victim owned another weapon, he clearly posed no threat at the time of the shooting. As for Porter's statement that he emptied the weapon into the victim because he was "scared," he later explained that he "got scared" when it became apparent that he had seriously wounded the unarmed victim. Without *any* evidence that Porter's actions were justified, the trial court's obligation under *Tarvestad* to instruct the jury on the defendant's sole defense dissolved.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000.

*Lynn M. Friedewald*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.