A96A1037. SMITH v. THE STATE.
(476 SE2d 653)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of kidnapping, rape, possession of a firearm during commission of a crime and possession of a sawed-off shotgun. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing that the 15-year-old victim's testimony is inconsistent with regard to certain details of the alleged sexual assault and is therefore insufficient to authorize a finding that he abducted and sexually assaulted the victim against her will. This argument is without merit.

" 'On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the (defendant) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381).' *Dolphus v. State*, 218 Ga. App. 565 (462 SE2d 453). ' "Conflicts in the testimony of the witnesses, including the (S)tate's witnesses, is a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evidence, even though contradicted, to support each fact necessary to make out the (S)tate's case, the jury's verdict will be upheld. (Cit.)" *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311).' *Grier v. State*, 218 Ga. App. 637 (1) (463 SE2d 130). 'The testimony of a single witness is

generally sufficient to establish a fact.' OCGA § 24-4-8." *Brewer v. State*, 219 Ga. App. 16, 17 (1) (463 SE2d 906).

In the case sub judice, the victim testified that defendant abducted her at gunpoint, forced her to a nearby wooded area and committed acts against her which constitute rape. This evidence, and proof that defendant was in possession of a sawed-off shotgun, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of kidnapping, rape, possession of a firearm during commission of a crime and possession of a sawed-off shotgun. *Jackson v. Virginia*, 443 U. S. 307, supra.

2. Contrary to defendant's second enumeration of error, we find nothing in the record indicating that the trial court illegally sentenced defendant for an offense — possession of a firearm by a convicted felon — as the record reveals defendant was the beneficiary of a directed verdict of acquittal as to that offense.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 25, 1996.

*Henderson & Henderson, David C. Walker*, for appellant.

*Dupont K. Cheney, District Attorney, John T. Durden, Jr., Assistant District Attorney*, for appellee.