## S98A1275. AKINS v. THE STATE.
### (504 SE2d 196)

HUNSTEIN, Justice.

Scott Lewis Akins was convicted of malice murder in the stabbing death of Phillip Roberts. He appeals from the denial of his motion for new trial.[1] Because the evidence was sufficient to support the verdict and there was no error in the trial court's charge to the jury, we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant and the victim had an on-again, off-again sexual relationship. On March 14, 1996, after an evening of drinking, the victim came to appellant's apartment and they began to argue. Appellant testified at trial that the victim insisted that appellant provide him with drugs and swung a glass vase at appellant when he refused. Appellant deflected the vase with a butcher knife, cutting the victim on the left wrist. When the victim swung the vase again, appellant stabbed him just under the left collarbone. The knife penetrated the victim's lung and cut his aorta, causing the victim's death. The victim collapsed outside the door to the apartment and appellant, after hiding the knife in a kitchen drainpipe, woke his brother in an upstairs bedroom and got his assistance to drive the victim to a hospital. Appellant told police at the hospital that the victim had received the fatal wound before he arrived at appellant's apartment. Appellant

---

[1] The crime occurred on March 14, 1996. Akins was indicted June 5, 1996 in Spalding County. Akins was found guilty on October 31, 1996, and was sentenced on November 4, 1996. His motion for new trial was filed November 13, 1996 and as amended was denied March 27, 1998. A notice of appeal was filed April 15, 1998. The appeal was docketed on May 5, 1998 and was submitted for decision on briefs.

returned home and cleaned the apartment. The vase was later found to have only appellant's fingerprints on it. The jury also heard testimony that appellant had previously threatened to kill the victim and that the victim feared appellant. Appellant testified that after cutting the victim on the wrist, he did not realize he was holding the sharp end of the knife towards the victim when he attempted the second time to deflect the vase and also force the victim out of the apartment.

Witness credibility is to be determined by the jury, OCGA § 24-9-80, as is the question whether the circumstances of the confrontation between appellant and the victim "were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him." *Andrews v. State*, 267 Ga. 473, 474 (1) (480 SE2d 29) (1997). We find the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant did not act in self-defense when he stabbed the victim and that he was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court charging the jury that it had to determine whether appellant committed malice murder before it considered the lesser-included offense of voluntary manslaughter. Compare *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). The trial court had correctly charged the jury previously that "[m]alice may be implied where no considerable provocation appears" and that the provocation for voluntary manslaughter must be sufficient "to exclude all idea of malice, either express or implied." By finding appellant killed the victim with malice, the jury necessarily found that the murder was without provocation sufficient to authorize a verdict of voluntary manslaughter. *Sims v. State*, 268 Ga. 381 (3) (489 SE2d 809) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Johnny B. Mostiler,* for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General*, for appellee.