## A00A2069. MARTIN v. THE STATE.
### (541 SE2d 692)

JOHNSON, Chief Judge.

Calvin Martin and Abraham Harris were indicted for burglary and robbery. They were tried before a jury, which found them guilty of burglary, but not guilty of robbery. Martin appeals from his burglary conviction, challenging the sufficiency of the evidence and the court's jury charge. The challenges are without merit, and we therefore affirm the conviction.

At trial, the state presented testimony that Douglas Widener was asleep in his upstairs bedroom when, at about 2:15 in the morning, he heard glass break downstairs. He called the police and then went downstairs. Widener saw that a small front door window and a larger porch window had been broken. He also saw two men, later identified as Martin and Harris, standing outside on the porch. Martin and Harris were yelling for a man known as "Wild Bill," who rented a room in Widener's house. Widener unlocked the door, and Martin and Harris came inside the house. One of them then grabbed

---

Widener around the neck, threatened to cut his throat, and took $340 in cash from Widener's wallet. They fled from the house, and a short time later a police officer arrived at the scene.

Widener told the officer that the two men had just left and gave the officer a brief description of them. The officer, who had seen Martin and Harris jogging near Widener's house, left and found the two men a block away from the house. The officer brought Martin and Harris back to Widener's house, where Widener identified them as the men who had entered the house and taken his money.

A sheriff's investigator took photographs of the broken windows and also obtained a written statement from Widener about the incident. In the statement, Widener told the investigator, among other things, that one of the men had come through the broken porch window and robbed him.

1. Martin argues that the evidence was insufficient to support his burglary conviction because Widener's trial testimony that the two men had entered the house through the front door was inconsistent with his pre-trial statement to the investigator that one of the men had come into the house through the broken porch window. While the inconsistency was a matter of witness credibility for the jury to resolve, it was not a flaw fatal to the state's case.

On appeal from a criminal conviction, the defendant is no longer presumed innocent and the evidence is viewed in the light most favorable to the verdict.[1] An appellate court determines only if a rational trier of fact could find all the essential elements of the crime charged beyond a reasonable doubt; the appellate court does not weigh the evidence or determine witness credibility.[2] Conflicts in witness testimony are matters of credibility for the jury to resolve.[3] And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.[4]

While the inconsistency between Widener's pre-trial statement and his trial testimony provided a basis for Martin to argue to the jury that he should not be found guilty of burglary, it does not mandate the conclusion that, as a matter of law, the state's evidence was insufficient. Rather, the state presented sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Martin entered the house by breaking the door and porch windows, and that he did so with the intent to commit a theft inside the house. Because there is enough evidence to support the jury's

---

[1] *Smith v. State*, 222 Ga. App. 887 (1) (476 SE2d 653) (1996).
[2] *Reese v. State*, 241 Ga. App. 350 (1) (526 SE2d 867) (1999).
[3] Id. at 351 (1); *Smith*, supra.
[4] Id.

finding of all the elements of burglary, Martin's conviction must be upheld.[5]

2. Martin complains that the court committed reversible error when, in its jury charge on the definition of burglary, it used the word "perjury." The court charged:

[A] person commits the offense of perjury when without authority that person enters any dwelling or dwelling house of another or into any room or any part of it with the intent to commit a theft. It constitutes the offense of burglary. It is not necessary that it be shown that a break-in occurred or that an actual theft occurred.

It is apparent from this portion of the charge, as well as the rest of the court's instructions, that the appearance of the word "perjury" in the transcript rather than the word "burglary" was either a mere verbal slip by the judge or a transcription error by the reporter due to the similar sounds of the two words.[6] Assuming that the error was the judge's and not the reporter's, such a slip of the tongue is not reversible error if it clearly could not have misled or confused the jury.[7]

Given the trial court's correct use of the word "burglary" throughout the rest of the jury charge, and given that the jurors had the burglary indictment with them in the jury room, we find that the court's misstatement could not have misled or confused the jury. The misstatement therefore does not amount to reversible error.[8]

3. Martin contends that the court erred by instructing the jury that the defendants were interested in the result of the trial. Contrary to Martin's contention, the Supreme Court and this court have expressly held that such an instruction is proper.[9] Because Martin and Harris testified, it was appropriate for the trial court to charge that, in determining the defendants' credibility, the jury could consider their interest, just like any other witness' interest, in the outcome of the trial.[10]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[5] See OCGA § 16-7-1 (a); *Hayes v. State*, 193 Ga. App. 33 (1) (387 SE2d 139) (1989).
[6] See *Hyman v. State*, 272 Ga. 492, 495 (3) (531 SE2d 708) (2000).
[7] Id.
[8] See *Mitchell v. State*, 242 Ga. App. 694, 697 (5) (531 SE2d 143) (2000).
[9] *Larry v. State*, 266 Ga. 284, 286-287 (3) (466 SE2d 850) (1996); *Carver v. State*, 203 Ga. App. 197, 204 (3) (416 SE2d 810) (1992) (physical precedent only).
[10] See *Woods v. State*, 265 Ga. 685, 687-688 (5) (461 SE2d 535) (1995).

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.