## A02A1219. EADY v. THE STATE.
(569 SE2d 603)

BLACKBURN, Chief Judge.

Following a jury trial, Johnny B. Eady appeals, contending that there was insufficient evidence to convict him of aggravated assault and burglary. For the following reasons, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Eady] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

*Cockrell v. State.*[1] See *Jackson v. Virginia.*[2]

So viewing the evidence, the record shows that, on September 1, 1996, John L. Brown and Josephine Newberry lay down to sleep in the bedroom just inside the front door of their residence at approximately 10:00 p.m. Earlier that evening, Brown's stepson held a party in the yard of the home, but the guests had left. About midnight, Brown awoke and saw Eady standing inside and behind his front door. Brown grabbed Eady's shirt and tried to push him outside the door. When they got to the door, Eady spun around and cut Brown on the chest with a knife. Brown picked up a stick broken from the back of a chair and hit Eady. As the two wrestled, Brown pushed Eady onto the front porch, and then they continued to struggle in the yard. Brown kept hitting Eady with the stick, and Eady stabbed Brown with the knife two more times. Eady lived two doors from Brown and had dated Newberry about three years earlier.

1. Eady challenges the sufficiency of the evidence, arguing that the State did not present sufficient evidence to overcome Eady's evidence of self-defense to the aggravated assault charge. Eady did not testify at the trial, but his statement to the police patrolman after his arrest was read into the evidence. He stated that he had been drinking with Brown, Newberry, and others at Brown's residence. Brown fell asleep. When he woke up, he asked Newberry who Eady was and demanded he leave. Eady claimed that Brown struck him with a long stick as he was attempting to leave and struck him again as he stepped onto the porch. He further claimed that he did not pull out his knife and cut Brown until after Brown hit him with the stick. He also stated that Brown threatened to kill him.

---

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In contrast, both Brown and Newberry testified at trial that Eady had not been at the party or at their residence before he was discovered behind the door of the bedroom at midnight. Further, both stated that Brown was cut by Eady's knife before Brown picked up the chair round and struck Eady. Newberry also testified that while Brown and Eady were struggling in the yard, Eady threatened to kill Brown.

> The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence.

(Punctuation omitted.) *Norris v. State*.[3] "[T]he question whether the circumstances of the confrontation between appellant and the victim 'were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him' " is also a matter to be determined by the jury. *Akins v. State*.[4] Thus, "[w]e find the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that [Eady] did not act in self-defense when he stabbed the victim and that he was guilty of [aggravated assault]." Id.

2. Eady also contends that the evidence was insufficient to convict him of burglary because the State failed to prove that Eady had the intent to commit a theft or a felony within Brown's residence. "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." OCGA § 16-7-1. The element of entry is uncontroverted; Eady does not dispute that he was present within the residence of Brown and Newberry on September 1, 1996. Instead, he argues that the weight of the evidence shows that the felony upon which the State bases the burglary charge was not committed inside the residence, and there was no other evidence of an intent to steal or commit a felony. Eady points out that Newberry testified that when she saw Eady standing by the door, he was not saying anything and his hands were by his side. She also stated that Brown was first stabbed on the porch rather than inside the residence.

Although Brown's testimony was in agreement with Newberry's that Eady did not say anything when discovered inside the house, he

---

[3] *Norris v. State*, 220 Ga. App. 87, 88 (1) (469 SE2d 214) (1996).
[4] *Akins v. State*, 269 Ga. 838, 839 (1) (504 SE2d 196) (1998).

stated it was about midnight when he discovered Eady in the house, Eady was behind the door when sighted, looked intoxicated, would not answer him when he told him to leave, refused to go when Brown tried to push him out, and cut him with a knife three times. Further, Brown testified that Eady first struck him when he was inside the residence.

As stated in Division 1, "[i]t is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict." (Citation and punctuation omitted.) *Norris v. State*, supra. "The requisite intent necessary for commission of burglary, pursuant to OCGA § 16-7-1 (a), need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises." *Hewatt v. State*.[5] Intent may be inferred from circumstantial evidence. Although the circumstantial evidence of intent was not particularly strong in this case, we defer to the jury's verdict since "[w]hether the circumstantial evidence . . . was sufficient to prove the requisite intent necessary for . . . burglary was a question of fact for the factfinder." Id. at 552 (2). Further, "as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld." *Martin v. State*.[6]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 25, 2002.

*Brimberry, Kaplan & Brimberry, A. Lee Hayes*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

[5] *Hewatt v. State*, 216 Ga. App. 550, 551 (2) (455 SE2d 104) (1995).
[6] *Martin v. State*, 246 Ga. App. 708, 709 (1) (541 SE2d 692) (2000).