## S02A0815. PARKS v. THE STATE.
(571 SE2d 389)

SEARS, Presiding Justice.

Appellant Rasool Parks appeals his felony murder convictions and resulting life sentences.[1] Finding that the evidence supported both the trial court's jury charge on conspiracy and the jury's verdicts of guilty, we affirm.

Appellant, along with co-defendants Morris and Wiley, discussed robbing the victims of money and drugs. Appellant went to a neighbor's apartment and borrowed a .32 caliber pistol and a sawed-off shotgun. Appellant and his co-defendants then went to the apartment of the victims, Hooten and his girlfriend Daniels. Hooten admitted appellant and co-defendant Wiley into the apartment, while co-defendant Morris waited outside, where he could see into the apartment through a crack in the unclosed door. Co-defendant Wiley then shot Hooten in the chest, and Hooten fell to the floor. Appellant then shot Hooten in the back of the head. Daniels ran out of the bedroom and appellant shot her in the head, killing her. Appellant and Wiley took money and drugs from the apartment, and the trio fled the scene. At trial, co-defendant Morris testified against appellant in exchange for immunity from prosecution for murder. Appellant testified in his own defense, and claimed he was an innocent bystander to the murders.

---

[1] The crimes were committed on September 9, 1999. Appellant was indicted on February 22, 2000 on two counts of malice murder, two counts of felony murder, two counts of aggravated assault, two counts of illegal firearm possession, armed robbery, and burglary. Trial was held on October 16-19, 2000, and appellant was convicted on all counts except the malice murder and burglary counts. Appellant received two consecutive life sentences for felony murder, with the two aggravated assault convictions vacated by operation of law; a consecutive twenty year sentence for armed robbery; and a consecutive five year sentence for one illegal firearm possession conviction, the other firearm conviction being placed on the dead docket. Appellant filed a notice of appeal on November 14, 2001. The appeal was docketed with this Court on February 14, 2002 and submitted for decision without oral argument on April 8, 2002.

1. The evidence of record, construed most favorably to the verdicts, was sufficient to enable rational triers of fact to find appellant guilty of the crimes for which he was convicted.[2] In urging otherwise, appellant seeks to discredit co-defendant Morris and another witness for the State, both of whom gave incriminating testimony. However, this Court does not engage in witness credibility determinations, as that duty rests within the exclusive province of the jury.[3]

2. The trial court was authorized to charge the jury on conspiracy, even though that crime was not indicted against appellant, because the evidence introduced at appellant's trial supported the charge.[4] " 'A conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances.' "[5] In this case, as explained above, the evidence showed that appellant and his co-defendants (1) discussed robbing the victims; (2) acted in furtherance of that plan by entering the victim's apartment and robbing them; and (3) killed the victims in the course of that robbery. Accordingly, it was not error to charge the jury on conspiracy.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Carla J. Friend*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Thomas S. Robinson III, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Akins v. State*, 269 Ga. 838 (504 SE2d 196) (1998).
[4] *Mangum v. State*, 274 Ga. 573, 578 (555 SE2d 451) (2001).
[5] (Citation omitted.) Id.
[6] Id.