A08A2212, A08A2213. SAMPLER v. THE STATE (two cases).
(669 SE2d 195)

BLACKBURN, Presiding Judge.

Following a jury trial, Timothy Sampler appeals two convictions of possession of methamphetamine[1] arising from two indictments tried jointly. In both cases, Sampler contends that the trial court erred by joining the two indictments together for trial in the same proceeding. Because the trial court failed to perform the legal

---

analysis required in this context, we vacate and remand for a hearing and a ruling based on a proper analysis and relevant findings.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

*Eady v. State.*[2]

So viewed, the record shows that, based on information from a controlled methamphetamine buy from Sampler conducted by the sheriff's department using a confidential informant wired for audio, deputies executed a search warrant at Sampler's residence in September 2006. During that search, deputies seized less than a gram of methamphetamine, methamphetamine pipes, used syringes, and digital scales.

Subsequent to that search, the sheriff's department conducted a second controlled methamphetamine buy from Sampler using a confidential informant at a new location. Based on that information, in December 2006, deputies executed a second search warrant at the trailer in which Sampler was residing and seized a small amount of methamphetamine, digital scales, and syringes.

In January 2007, Sampler was indicted for possession of methamphetamine based on the September 2006 search, and in February 2007 Sampler was indicted for possession of methamphetamine based on the December 2006 search.[3] Over Sampler's objection, both cases were tried together, resulting in a conviction for possession of methamphetamine in each case. Sampler now appeals.

Sampler contends that the trial court erred in joining the separate indictments for trial in the same proceeding. Based on the record before us, we conclude that the trial court failed to make sufficient findings to make a determination as to whether joinder was warranted.

It is well settled that Georgia has adopted the ABA Standards on Joinder of Offenses, which address severance of multiple offenses at trial.

---

[2] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

[3] Sampler was also indicted on other drug possession charges and a firearm possession charge, but the jury returned not guilty verdicts on the drug charges, and the State nolle prossed the firearm possession charge.

On severance, the standards provide: (a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant *shall have a right to a severance* of the offenses. (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), *should grant a severance* of offenses whenever: (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or (ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. The right of severance where the offenses are joined solely on the ground that they are of the same or similar character is because of the great risk of prejudice from a joint disposition of unrelated charges.

(Citations and punctuation omitted; emphasis supplied.) *Dingler v. State.*[4]

Under these Standards, a trial court must first determine whether the offenses are joined solely because they are of the same or similar character. If they are, severance is mandatory. If they are not, the court must then decide whether severance would promote a just determination of guilt or innocence as to each offense.

*Stewart v. State.*[5]

Here, on the first day of trial, the court notified Sampler that both cases were being tried in the same trial. Sampler objected, and the court noted his objection. When Sampler requested explanation by way of precedent for trying the two cases jointly, the court responded, "Because I said it. Anything else?" Voir dire ensued, and the court adjourned for the day.

The next day, before the jury was sworn, Sampler renewed his objection, making a more complete argument in favor of severance. The court responded as follows:

---

[4] *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975).
[5] *Stewart v. State*, 277 Ga. 138, 139 (587 SE2d 602) (2003).

> Now, as far as joinder of these cases you need to read the case of *Allen v. State*,[6] which is 268 Georgia Appeals 519. In that case they joined fifteen indictments when they were similar transaction type cases, not just two. And it was done without the consent of the defendant. And it has been upheld all the way up. That's a 2004 case where fifteen were joined, not two, as in this instance, against one defendant. Just so that you will know concerning that.

No other findings were made, and no other hearing was held.

We find this perfunctory analysis to fall short of that which a trial court is required to perform when deciding whether to jointly try offenses from separate indictments. Instead of considering, for example, the similarity, commonality, and character of the offenses and the State's purpose in joining the offenses, the trial court instead focused on the relatively low number of separate indictments in this case, which is not dispositive. As explained by our state's Supreme Court, when deciding whether to join separate offenses for trial, the trial court must first "determine whether the offenses [at issue] are joined solely because they are of the same or similar character." *Stewart v. State*, supra, 277 Ga. at 139. If not, the trial court must then consider whether, in view of the number of offenses and complexity of evidence, whether the jury can distinguish the evidence and apply the law intelligently as to each offense. *Dingler v. State*, supra, 233 Ga. at 463-464.

Here, by contrast, the trial court first offered as its entire rationale for joining the offenses, "Because I said it." When Sampler later reiterated his objection, the court explained its ruling merely by citing *Allen v. State*, supra, 268 Ga. App. 519, and noting that case's outcome wherein 15 offenses were joined in a single trial. We note, however, in *Allen v. State* the trial court specifically evaluated and made findings as to the connection between the various indicted offenses and as to the ability of the jury to fairly and intelligently determine each offense. Id. at 523-524 (1). Here, the record discloses no such analysis, nor the trial court's actual basis, nor the State's intended purpose, for joining the two indictments for trial.

By way of example, we note that where the offenses share a similarity that "reaches the level of a pattern evincing a common motive, plan, [or] scheme . . . [or w]here the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator," the trial court has discretion to join the offenses for

---

[6] *Allen v. State*, 268 Ga. App. 519 (602 SE2d 250) (2004).

trial. (Punctuation omitted.) *Evans v. State*.[7] Here, the trial court gave no indication of what, if any, common plan, motive, or scheme it found to be evidenced by the circumstances of the charged offenses at issue in the two indictments, nor did the State offer any. *The record reveals no prior hearing or other proffer as to the factual scenarios surrounding the alleged offenses which could have served as the basis of the trial court's ruling.* While the trial court did refer to the low number of indictments (two), that factor could just as easily weigh in favor of severance, because it raises the question as to whether, for example, possessing contraband only twice amounts to a pattern or scheme.

We need not answer that question here, but we do note the trial court's oblique implication as to the alleged offenses' similarity. Similarity alone is not grounds for joining separate offenses, and absent other factors, such as evidence of a common plan, scheme, or pattern, mere similarity actually *requires* severance: "Whenever two or more offenses have been joined for trial *solely on the ground that they are of the same or similar character, the defendant shall have a right* to a severance of the offenses." (Punctuation omitted; emphasis supplied.) *Dingler v. State*, supra, 233 Ga. at 463.

Accordingly, we vacate the trial court's judgment in both cases and remand the cases to the trial court for a hearing and analysis of the factors enumerated in *Dingler* and developed by its progeny.[8] If, under that analytical framework, the trial court rules that joinder was improper, a new trial shall be granted in each case as to the offenses of which Sampler was found guilty.[9] On the other hand, if the trial court rules that joinder was not improper, the original judgment shall be reinstated, and that ruling shall become a directly appealable final order disposing of the cases. See OCGA § 5-6-34 (a) (1).

Sampler's remaining enumerations are moot.

*Judgment vacated and case remanded. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 21, 2008.

*Mark A. Yurachek*, for appellant.

---

[7] *Evans v. State*, 201 Ga. App. 20, 25 (1) (410 SE2d 146) (1991).

[8] In vacating and remanding, we follow the example provided by our Supreme Court in *Stewart v. State*, supra, 277 Ga. at 140, wherein that court vacated and remanded a case involving an incomplete analysis of the issue of severance.

[9] Double jeopardy bars retrial of the offenses of which Sampler was acquitted. See *Terrell v. State*, 276 Ga. 34, 38-39 (4) (a) (572 SE2d 595) (2002) ("The Double Jeopardy Clause of the Fifth Amendment protects a defendant from the State's attempts to re-litigate the facts after an acquittal. . . .").

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.