## A09A0016. GONZALES v. THE STATE.

(681 SE2d 248)

DOYLE, Judge.

Following a jury trial, Arquimedes Gonzales appeals his conviction of family violence battery,[1] aggravated assault (two counts),[2] kidnapping with bodily injury,[3] and aggravated battery[4] (two counts).[5] He contends that (1) the trial court erred in refusing to merge the two aggravated battery counts, and (2) he received ineffective assistance of counsel because his trial counsel failed to request a jury charge on false imprisonment as a lesser-included offense as to the kidnapping with bodily injury charge. For the reasons that follow, we affirm the denial of a new trial on ineffective assistance grounds, but we vacate the sentence in part and remand for resentencing because the trial court erred in not merging the two aggravated battery counts.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence. . . ."[6] So viewed, the evidence shows that Gonzales had a violent relationship with his ex-girlfriend. On one occasion, during an argument, Gonzales threw her against a wall and choked her. On another occasion, after temporarily reuniting following a break-up, Gonzales became angry with the ex-girlfriend again and followed her to her friend's house, where he demanded she leave with him. After further arguing at a restaurant, Gonzales drove the ex-girlfriend toward her apartment. When the ex-girlfriend told him she did not want to be with him anymore, Gonzales pushed her out of the moving vehicle, breaking her bones, damaging her organs, and putting her into a coma.

Gonzales was charged with several crimes in connection with the violence against his ex-girlfriend, and a jury found him guilty of family violence battery, aggravated assault (two counts), kidnapping with bodily injury, and aggravated battery (two counts). Gonzales was sentenced on all counts to life (as required for the kidnapping with bodily injury charge[7]) plus 61 years to serve in confinement. The trial court denied Gonzales's motion for a new trial, and this appeal followed.

---

[1] OCGA § 16-5-23.1 (a), (f).

[2] OCGA § 16-5-21 (a) (2).

[3] OCGA § 16-5-40 (a), (d) (4).

[4] OCGA § 16-5-24 (a).

[5] An additional count of aggravated assault merged with an aggravated battery count.

[6] (Punctuation omitted.) *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

[7] See OCGA § 16-5-40 (d) (4).

1. Gonzales contends that the trial court erred in denying his request to merge the two counts of aggravated battery because they arose from the same act. We agree.

Under OCGA § 16-5-24 (a), "[a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." Thus, the statute provides three different methods by which the offense may be committed.

Gonzales was convicted of two separate counts of aggravated battery based on a single act of pushing the victim out of the moving car: Count 4 alleged that Gonzales caused "bodily harm to the person of [the victim] by seriously disfiguring a member of her body, to wit: her lower back and buttocks, by pushing her from a moving vehicle . . ."; and Count 5 alleged that Gonzales caused "bodily harm to [the victim] by rendering useless a member of her body, to wit: her legs, by pushing her from a moving vehicle. . . ." Gonzales contends that the two counts of aggravated battery should have merged because they stemmed from a single act against a single victim. We agree.

The State argues that, pursuant to *Drinkard v. Walker*,[8] Gonzales can be sentenced on both aggravated battery counts. That case adopted the "required evidence" test to evaluate whether multiple convictions are precluded because one of the crimes was established by proof of the same or less than all the facts required to establish the other: "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[9]

Here, Gonzales was accused of and convicted of committing two counts of aggravated battery based on (a) disfigurement of the victim's back and buttocks, and (b) rendering useless the victim's legs. Based on this, the State argues that each aggravated battery count contained an element not found in the other. However, *Drinkard's* "required evidence" test is not applicable here, because it addressed a context in which the defendant's "conduct clearly established the commission of more than one crime," and it answered the question of whether "the same act or transaction constitutes a violation of *two distinct statutory provisions*."[10] As

---

[8] 281 Ga. 211 (636 SE2d 530) (2006).

[9] (Punctuation omitted.) Id. at 215.

[10] (Punctuation omitted; emphasis supplied.) Id. at 213, 215.

stated in *State v. Marlowe*,[11]

> [t]ypically, the question is whether the same conduct may be punished under different criminal statutes. In that situation, it is appropriate to apply the . . . "required evidence" test found in OCGA §§ 16-1-6[, explained by *Drinkard*,] and 16-1-7, the double jeopardy statutes. However, a different question is presented here: *whether a course of conduct can result in multiple violations of the same statute.*[12]

Here, with respect to the two counts of aggravated battery, the single act of pushing the victim out of the car did not violate two distinct statutory provisions — rather, the State prosecuted the same act for two alleged violations of the same statutory provision. Therefore, *Drinkard* does not control our analysis of whether a course of conduct can result in multiple violations of the same statute.

"[T]his question requires a determination of the [statute's] 'unit of prosecution,' or the precise act or conduct that is being criminalized under the statute."[13] In its essence, the aggravated battery statute criminalizes "maliciously caus[ing] bodily harm to another."[14] That the aggravated battery statute provides more than one method for committing the offense does not create separate offenses based on a single act toward a single victim.[15] This punishes twice the same conduct against the same victim and is akin to charging a defendant with redundant crimes based on a single attack. As we stated in *Mitchell v. State*,[16] when we addressed two aggravated assault charges based on different theories[17] (assault with intent to murder and assault with a deadly weapon): "[b]oth charges referred to [the defendant's] assault on [the same victim], and the evidence

---

[11] 277 Ga. 383 (589 SE2d 69) (2003).

[12] (Emphasis supplied.) Id. at 384 (1).

[13] Id.

[14] OCGA § 16-5-24 (a).

[15] See *McKee v. State*, 275 Ga. App. 646, 650 (5) (621 SE2d 611) (2005) ("[w]ithout evidence of a legislative intent to allow multiple punishments for the same course of conduct . . . acts that constitute a [single] criminal course of conduct are not punishable separately"). Compare *Rouse v. State*, 295 Ga. App. 61, 64 (1) (670 SE2d 869) (2008) (one aggravated battery charge was established through evidence that the defendant broke the victim's nose, wrist and shoulder, and knocked out two of his teeth; the second aggravated battery count was established by showing that the defendant disfigured the victim's hand by burning him and causing the victim to be bitten repeatedly by fire ants).

[16] 187 Ga. App. 40 (369 SE2d 487) (1988).

[17] See OCGA § 16-5-21 (a) (1) (defining aggravated assault based on intent to murder, rape, or rob) and (a) (2) (defining aggravated assault based on use of a deadly weapon).

actually showed only one attack upon [the same victim]."[18] There-fore, the offenses merged.

Similarly, in *Malcolm v. State*,[19] the Supreme Court of Georgia addressed dual sentences for both felony murder and malice murder of a single victim:[20]

> A single homicide can result from facts sufficient to support both malice and felony murder. Malice is not an element in a trial for felony murder. . . . Likewise, the existence of a felony is not an element in a trial for malice murder but its presence is no bar to a malice murder conviction. When the elements of malice and an underlying felony both exist in a murder case, the law does not preclude verdicts of guilty of both malice and felony murder. However, where there is a single victim, the defendant may be sentenced on either but not both.[21]

Therefore, we conclude that the trial court erred here in sentencing Gonzales on both aggravated battery counts based on a single unlawful act against the same victim (pushing her out of a moving car).[22] The second aggravated battery conviction was sur-plusage; accordingly, we vacate the sentence imposed for Count 5 and remand the case for resentencing, with directions to merge Count 5 into Count 4.[23]

2. Gonzales also contends that he received ineffective assistance of counsel because his trial counsel failed to request a charge on false imprisonment as a lesser-included charge of kidnapping with bodily injury. Because this was a matter of reasonable trial strategy, we

---

[18] *Mitchell*, 187 Ga. App. at 44 (4). See also *Adcock v. State*, 279 Ga. App. 473, 475 (5) (b) (631 SE2d 494) (2006) (holding that separate sentences for aggravated assault with a deadly weapon and with intent to rob were barred). *Mitchell* and *Adcock* are pre-*Drinkard*, but because the analysis in this case does not turn on an application of *Drinkard's* "required evidence" test, we find their holdings persuasive here.

[19] 263 Ga. 369 (434 SE2d 479) (1993).

[20] See OCGA § 16-5-1 (a), (c) (defining malice murder as containing the element of malice toward the victim, whereas felony murder requires no malice but the commission of an underlying felony).

[21] (Punctuation omitted.) *Malcolm*, 263 Ga. at 371 (4).

[22] Further, based on the wording of the aggravated battery statute, any given dismem-berment would be, by definition, seriously disfiguring. See Black's Law Dictionary, p. 468 (6th ed.) (defining disfigurement as "[t]hat which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect or deforms in some manner"). Therefore, by the logic urged by the State, any given aggravated battery by dismemberment would constitute two offenses and double the statutory penalty. As criminal statutes must be construed strictly against the State, we do not read the statute to allow this result. See *Bagby v. State*, 274 Ga. 222, 224 (1) (552 SE2d 807) (2001).

[23] See *Mercer v. State*, 289 Ga. App. 606, 610 (3) (658 SE2d 173) (2008).

discern no basis for reversal.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[24] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[25] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[26] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[27]

Here, at the motion for new trial hearing, Gonzales challenged his trial counsel's failure to request a jury charge on false imprisonment based on evidence that Gonzales kept the victim from leaving her apartment during an incident in which he slammed her against a wall. However, Gonzales's trial counsel testified at the new trial hearing that he talked to Gonzales about the kidnapping charge and that he did not

> see how they had enough evidence to bring it under the state law as it is right now, which I think is just nonsense. . . . I said [to Gonzales] I thought [the kidnapping charge] was defendable and I explained to him there was such a thing as a lesser-included offense and that I thought he would surely be convicted of it. . . . I tried to explain his options as well as I could. . . . He chose not to take [the lesser included option].

Further, Gonzales himself testified that his attorney told him that they could seek a less serious charge than kidnapping, but Gonzales maintained that he never restrained the victim and was not guilty of kidnapping. "Because counsel's decision not to request the [lesser-included] charge was a reasonable one in light of this ["all or nothing"] defense strategy, counsel's performance cannot be deemed

---

[24] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[25] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[26] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[27] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

deficient.''[28]

> With the benefit of hindsight, it would appear that this strategy may have backfired. But that is not to say that it was ineffective. Informed strategic decisions do not amount to inadequacy under *Strickland*. The fact that [Gonzales] and his former and present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [Gonzales] received representation amounting to ineffective assistance of counsel.[29]

*Judgment affirmed, sentence vacated in part, and case remanded for resentencing. Blackburn, P. J., and Adams, J., concur.*

## DECIDED JULY 9, 2009.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Christa L. Kirk, Assistant District Attorney*, for appellee.

---

[28] *McKee v. State*, 277 Ga. 577, 580 (6) (a) (591 SE2d 814) (2004).

[29] (Citation and punctuation omitted.) *Muller v. State*, 284 Ga. 70, 73-74 (3) (663 SE2d 206) (2008).