**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 6, 2014**

# In the Court of Appeals of Georgia

A13A2292. THOMAS v. STATE.

BRANCH, Judge.

In a scuffle that Timothy Thomas started by pointing a loaded gun at Dennis Lopez's head, Lopez was shot and injured in both hands. Following a trial by jury, Thomas was convicted and sentenced on one count of aggravated assault for pointing the gun at Lopez; two counts of aggravated battery – one for each injury to Lopez's hands; and one count of possession of a firearm by a convicted felon. On appeal, Thomas contends that for the purpose of sentencing, the trial court erred by failing to merge the two convictions of aggravated battery and by failing to merge the conviction of aggravated assault with the remaining conviction of aggravated battery. We find no error and affirm.

Construed in favor of the verdict, the evidence shows that as of October 26, 2008, Olga Shashkova and her two children lived with defendant Thomas at Cherokee Summit Apartments. On her way to work that day, Shashkova took Thomas and the children to a nearby lake to go fishing. After work, Shashkova picked them up and saw that Thomas was "extremely" drunk and that Thomas and the children had found a kitten. Back at the apartment complex, the children took the kitten outside but returned saying that a pitbull had barked and scared the kitten. Thomas went into his bedroom, got his .385 caliber revolver, and went outside.

At the same time, Lopez was visiting his girlfriend in the same apartment complex and was keeping his American pitbull terrier on the outdoor patio of his girlfriend's apartment. At one point in the evening, Lopez heard someone yelling "shut up," went outside, and saw Thomas, who threatened to shoot either Lopez or the dog. Lopez went back inside but almost immediately heard Thomas yelling again. Lopez again went outside, and Thomas approached and pointed a gun at Lopez's face. Lopez put his hands up and took two steps back, but Thomas continued to approach, and he pointed the gun at Lopez's forehead, at what Lopez described as "point blank range," with his finger on the trigger. Lopez grabbed for the gun with his left hand to try to avoid getting shot, but when he did, the gun went off and the bullet went

2

through Lopez's left hand. The struggle continued with the two men spinning around trying to pull the gun away from each other, during which the gun went off two more times. One shot severely and permanently injured Lopez's right thumb, rendering it essentially useless. The two men continued to struggle for the gun on the ground, and Lopez was able to get control of the gun in Thomas's hand and shoot it into the ground several times in order to empty the gun of all bullets. Thomas then got off of Lopez, who carried the gun into his girlfriend's apartment and locked the door, thereby ending the altercation.

1. Thomas does not challenge the sufficiency of the evidence. Rather, he contends the trial court erred by failing to merge the two counts of aggravated battery. But where different conduct of the accused causes separate aggravated batteries on the victim, the accused may be convicted and sentenced for each crime. *Ledford v. State*, 289 Ga. 70, 71 (1) (709 SE2d 239) (2011). See also *John v. State*, 282 Ga. 792, 795 (6) (653 SE2d 435) (2007) ("if one crime is complete before the other takes place, the two crimes do not merge"). In *Ledford*, the defendant was charged with three aggravated batteries for stomping on the victim's face and nose, her larynx, and her ribs. *Ledford*, 289 Ga. at 71 (1). Because each count was predicated on different conduct by the defendant that caused separate injuries to the victim, the defendant's

convictions on the three aggravated batteries did not merge with each other. Id. at 72 (1).[1]

Here, each count of aggravated battery required the State to prove that Thomas shot Lopez separate times and injured him in a different way: the first count of aggravated battery charged that Thomas rendered Lopez's right thumb useless by shooting it, and the second count charged that Thomas seriously disfigured Lopez's left hand by shooting it. Thus, each aggravated battery verdict was "attributable to different conduct than the other aggravated battery verdict[ ]," *Ledford*, 289 Ga. at 72 (1) (citation omitted), that is, Thomas fired the gun on separate occasions causing injury to each of Lopez's hands. The trial court, therefore, was not required to merge the two counts of aggravated battery.

---

[1] Thomas primarily relies on *Gonzales v. State*, 298 Ga. App. 821 (681 SE2d 248) (2009), but *Gonzales* is inapposite because it addressed whether a single act of pushing the victim out of a car could support multiple convictions of aggravated battery. All of the remaining cases cited by Thomas are inapposite because they concern whether lethal and non-lethal injuries to the victim can support a conviction of aggravated assault in addition to a murder conviction. See *Reddings v. State*, 292 Ga. 364, 366 (2) (738 SE2d 49) (2013); *Alvelo v. State*, 290 Ga. 609, 611 (2) (724 SE2d 377) (2012); *Culpepper v. State*, 289 Ga. 736, 738 (2) (a) (715 SE2d 155) (2011); *Mikell v. State*, 286 Ga. 722, 724 (3) (690 SE2d 858) (2010); *Coleman v. State*, 286 Ga. 291, 295 (3) (687 SE2d 427) (2009); *Fitzpatrick v. State*, 268 Ga. 423, 424 (1) (489 SE2d 840) (1997).

2. Thomas also urges that his conviction of aggravated assault for pointing the gun at Lopez's head should merge into one or more of his convictions of aggravated battery because the subsequent batteries were "part and parcel of the original act" of pointing the gun.

After Thomas initially pointed the gun at Lopez's head, Lopez raised his arms and retreated in defense. Thomas then moved forward and pointed the gun at Lopez at close range, which prompted Lopez to struggle for the gun in self defense. Only then was Lopez shot in each hand. Thus Lopez's initial aggravated assault prompted Lopez to move defensively, and Thomas then took a separate action of moving toward Lopez, which led to the struggle that resulted in Lopez getting shot in each hand. It follows that Thomas's initial act of pointing the gun at Lopez's head, an aggravated assault, was a separate act from the ensuing acts of aggravated battery.[2] Accordingly, the crimes do not merge. See, e.g., *Brockington v. State*, 316 Ga. App. 90, 94 (1) (728

---

[2] Under OCGA § 16-5-21 (a) (2), "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Under OCGA § 16-5-24 (a) "[a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."

SE2d 753 (2012) (aggravated assault of striking victim in leg with hammer did not merge with aggravated battery of moments later striking victim in head with hammer causing serious permanent in jury); *Yates v. State*, 298 Ga. App. 727, 730-731 (3) (681 SE2d 190) (2009) (where victim was threatened with a gun, then struck with the gun and a separate object, then shot, all in an attempt by the defendant to rob the victim, the trial court "was authorized to conclude that the physical beating and either incident of gun use were separate completed crimes") (citation omitted).[3] The trial court therefore correctly decided not to merge the convictions for aggravated assault and aggravated battery.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*

---

[3] Because the two convictions are based on separate acts, the required evidence test of *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006), is inapplicable. See *Ledford*, 289 Ga. at 72 (1).