**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 7, 2015**

# In the Court of Appeals of Georgia

A15A0544. WILLIAMS v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Demarques Lee Williams was convicted of aggravated assault and aggravated battery. In this appeal, he argues that the trial court should have merged the convictions for sentencing because they arose from the same course of conduct. We find that the trial court did not err in declining to merge the convictions because the aggravated assault was a separate act from the ensuing act of aggravated battery. Williams also challenges the sufficiency of the evidence, but we find that the evidence supports the convictions. We therefore affirm.

1. *Facts*.

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in

the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that the victim was invited to a Christmas party at an apartment complex in Clayton County. When he got there, Williams asked him to play dice. They began playing at the back of the victim's van. The victim won all of Williams' money. Williams left and the victim continued playing with another person. Williams came back with another $30 or $40, and lost that, too, and left again. Williams returned again, approaching the victim from behind. He said something and the victim turned to see that Williams had a gun pointed to his head. The victim pushed Williams' hand away. Williams came back swinging and hit

the victim with the pistol. The victim grabbed Williams and they tussled. Williams then shot the victim, severing his spine. The victim is now confined to a wheelchair.

Williams testified at trial that he and the victim began fighting when the victim insulted his cousin. Williams testified that he shot the victim when he saw the victim reaching for his weapon.

Williams argues that the evidence is insufficient to support the aggravated assault conviction because it shows that the victim was not afraid. OCGA § 16-5-2 (b) (2) provides, "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Contrary to Williams' argument, the statute does not require "that the victim have a reasonable fear of immediately receiving a violent injury but rather that the victim have a reasonable perception that he is about to receive a violent injury." *Moore v. State*, 286 Ga. App. 313, 316 (1) (649 SE2d 337) (2007) (citation omitted). "Reasonable apprehension of injury is not the same as simple fear, and the fact that the victim does not necessarily experience fear does not preclude a finding of reasonable apprehension." *Howard v. State*, 288 Ga. 741, 742 (2) (707 SE2d 80) (2011) (citations and punctuation omitted).

3

Williams further argues that both convictions must be reversed because he acted in self-defense. "But the question of whether [Williams] acted in self-defense was solely for the jury, which obviously resolved the issue against [him]. [Williams] in effect asks us to reweigh the evidence to place greater credence in [his] justification defense than did the jury, but this court does not weigh the evidence or assess the credibility of witnesses." *Carter v. State*, 303 Ga. App. 142, 144 (1) (692 SE2d 753) (2010) (citations and punctuation omitted).

We conclude that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Williams was guilty of the crimes of which he was convicted. *Jackson*, supra, 443 U. S. at 319 (III) (B).

2. *Merger*.

Williams argues that the two crimes merged because they arose from the same course of conduct. We disagree.

After Williams initially pointed the gun at the victim's head, the victim pushed Williams' hand away. Williams came back swinging and hit the victim with the pistol. The victim grabbed Williams and they tussled. Only then did Williams shoot the victim. Williams' aggravated assault caused the victim "to move defensively, and [Williams] then took a separate action of moving toward [the victim], which led to

4

the struggle that resulted in [the victim] getting shot in [the spine]. It follows that [Williams'] initial act of pointing the gun at [the victim's head], an aggravated assault, was a separate act from the ensuing act[] of aggravated battery. Accordingly, the crimes do not merge." *Thomas v. State*, 325 Ga. App. 682, 684 (2) (754 SE2d 661) (2014) (citations and footnotes omitted).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*