# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1548. ARQUIMIDES GONZALEZ v. THE STATE.

Arquimides Gonzalez was found guilty of numerous offenses, including family violence battery, aggravated assault, kidnapping with bodily injury, and three counts of aggravated battery. Gonzalez appealed, and this Court found that two counts of aggravated battery should have merged for sentencing. See *Gonzales v. State*, 298 Ga. App. 821 (681 SE2d 248) (2009). Gonzalez also filed a habeas corpus petition, which the superior court denied. On appeal to the Supreme Court, that Court concluded that the State had failed to establish the asportation element of kidnapping. See *Gonzalez v. Hart*, 297 Ga. 670 (777 SE2d 456) (2015). Thus, on November 3, 2015, the trial court entered an amended sentence, vacating the kidnapping conviction and merging Gonzalez's sentences for aggravated battery. On December 8, 2016, Gonzalez filed a "Motion to Correct/Reduce Sentence," arguing that his aggravated assault conviction should have been reduced to the lesser included offense of simple assault, which should have merged with his sentence for family violence battery. The trial court denied the motion, and Gonzalez filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to post-appeal modification beyond that provided in § 17-10-1 (f).  Id.  A direct appeal does

not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Gonzalez filed his motion to correct his sentence more than a year after the trial court entered his amended sentence. However, Gonzalez's merger argument does not constitute a valid void sentence claim. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,  04/27/2017  *
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*